### Ayres vs. E. & J. Pease.

A *purchaser* who has entered into a contract, agreeing to pay a specific sum of money as the price of land to be conveyed to him, cannot be relieved from the payment thereof by the *tender* of a less sum, agreed upon in the contract as *stipulated damages*, to be paid in case of non-performance of the contract on his part.

A plea of *tender* before suit brought must contain a *profert in curia* of the money tendered; and must be pleaded in bar of the *damages ultra*, &c. and not in bar of the *action*.

The plaintiff declared in *covenant* on an *article of agreement* entered into between him and the defendants, bearing date 31st October, 1828, whereby he agreed to sell to the defendants two lots in the village of *Havana*, and the defendants agreed to pay to him therefor the *sum of $350, of which sum* $36,50 to be paid on the execution of the article, and the residue in two years, with interest annually ; and the defendants also agreed to enclose the lots with a good and substantial fence. On performance by the defendants, the plaintiff to procure from one George Mills a good warranty deed for the lots, and cause it to be given to the defendants, they paying the expense of making out the same. Then followed a clause in these words : " and it is agreed between the said parties to this contract, that if the parties of the second part should fail to perform this contract, or any part therein specified, they will pay the said party of the first part *twenty-five dollars* as *liquidated damages*, and give immediate possession to the said party of the first part." The declaration contained two counts on this contract. In the first all the stipulations contained in the contract were set forth, and the plaintiff alleged, as breaches of the contract, the non-payment of the $350, and

the omission and refusal of the defendants to enclose the lots with a good and substantial fence. In the *second count*, the agreement to pay $25 as liquidated damages was not set forth. The defendants craved *oyer* of the article of agreement, set forth, and pleaded *non est factum*. Secondly, they pleaded that the plaintiff ought not to have or maintain his aforesaid action thereof against them for the said supposed breaches, because they say that *before the commencement of the suit*, to wit, on the 3d *February*, 1831, (the suit being commenced on the 28th *March*, 1831,) they *tendered* and offered to pay to the plaintiff the sum of $25, the amount specified in the article of agreement to be paid by the defendants as liquidated damages, &c. in full satisfaction of the supposed breaches, and that the plaintiff *refused to receive* the same from the defendants, and that they always have been and still are ready and willing to pay the plaintiff the said sum of $25 ; (but they make no *profert in curia* of the money tendered.) The defendants further say, that they then and there were and still are ready and willing to give to the plaintiff immediate possession of the premises, whereof the plaintiff, on, &c. at, &c. had notice ; wherefore they pray judgment if the Plaintiff ought to have or *maintain his action* thereof against them, &c. To this plea the plaintiff demurred.

*J. A. Spencer*, for the plaintiff. It was in the election of the plaintiff to sue for the non-payment of the money agreed to be paid as the price of the land, or to claim the liquidated damages. Here he has chosen to ask the former, and the defendants are not entitled to be let off from a *specific performance* of their agreement, by tendering the sum stipulated as damages. 2 Comyn on Contracts, 547. 5 Cowen, 270. Besides, the plea is in *form*, in not making a *profert in curia* of the money tendered, and in pleading the matter set forth in defence, *in bar of the action*, instead of *in bar of damages* beyond the sum tendered. 2 Chitty's Pl. 432, 498. 1 Ld. Raym. 254. 17 Johns. R. 253. 9 id. 641. 5 Cowen, 248.

*B. F. Butler*, for the defendants. In 2 Taunt. 486, will be found a plea similar to the one in this case, to which no

objection was made; although it is not denied that in the pre-
cedents generally, it is alleged that the money is brought into
court. The question, however, intended to be submitted is,
whether the plaintiff can recover any thing beyond the sum
agreed upon as *liquidated damages :* and whether, upon pay-
ment of that sum and surrendering the possession of the lots,
the defendants are not entitled to be freed from the contract.
This case is different from that in 5 Cowen, 270, and from the
cases found in the *note* attached to that case. In those cases
it is obvious that the stipulations relied upon by the defendants
were intended for the benefit of the plaintiffs alone; while
here it is submitted that the stipulation was meant as well for
the benefit of the defendants as of the plaintiff.

*Spencer*, in reply. There is nothing in the contract from
which it can be inferred that the plaintiff agreed to release the
defendants from a specific performance, on receiving $25 and
a surrender of possession.

*By the Court*, SUTHERLAND, J. The plea is clearly bad,
both in form and substance. It is a plea of *tender* before suit
brought, but it makes no *profert in curia* of the money tender-
ed, and it is pleaded in bar of the *action*, instead of in bar of
*damages* beyond the sum tendered. These objections to the
plea are both fatal. 2 Chitty's Pl. 432, 498. 1 Ld. Raym. 254.
Indeed the plea was admitted by the defendant's counsel to
be bad in these and other respects; but he contended that, by
the true construction of the contract, the defendants were at li-
berty to abandon it by paying $25, the sum agreed on as sti-
pulated damages, and restoring the possession of the premises
mentioned therein to the plaintiff; that the plaintiff's action
therefore should have been brought for those liquidated dama-
ges, and not for a general breach of covenant; and that the
declaration is therefore bad. This does not appear to me to
be the natural or legal import of the covenant. The inquiry
in such cases always is, what was the intention of the par-
ties? There is nothing in this case which authorizes us to
say that it was in the contemplation of the parties, that the

defendants might relieve themselves from their covenant to pay the price of the land, by paying the sum agreed upon as stipulated damages, and surrendering possession.

Judgment for plaintiff.