## LOSEE *vs.* MOREY and CRAMER.

57b 561
17ap622
57b 561
63ad444

Where the plaintiff and defendant, who are both men of fair character, and stand alike unimpeached, and are of equal credibility, being examined as witnesses, contradict each other directly upon a question of fact, and their testimony is totally irreconcilable, in the absence of other testimony, the case will stand evenly balanced, and the complaint will be dismissed.

But if the plaintiff is fully and circumstantially corroborated in his statement of the facts, by the written agreement of which a specific performance is sought, duly executed in form, and perfect in all its parts, even to the cancellation of the stamp, and by the testimony of the subscribing witness thereto; so that if the evidence of both parties should be stricken out, or disregarded, as equally balanced, the plaintiff's case would still stand well proved; this will justify a decree in favor of the plaintiff, if the facts thus proved be sufficient to warrant the relief asked for.

If a contract for the sale and purchase of lands has been fairly obtained, without misapprehension, surprise, mistake or the exercise of any undue advantage, and it be not unconscionable in its terms, the right of the parties to its specific performance is a settled and positive right, which a court of equity is bound to maintain and enforce.

The objection that a claim for specific performance is not of equitable cognizance, because the plaintiff has a perfect remedy at law, on the contract, in an action for damages, is not available in a case where the contract is for the purchase and sale of lands.

Losee *v.* Morey.

In such a case, the vendee is not deemed to have a perfect remedy in an action at law for damages. He is entitled to proceed in equity, for a specific performance, although he may have another remedy at law, upon the contract.

As a vendor can maintain his action against the vendee, for a specific performance of the contract, if the latter refuses to accept the deed and pay the price agreed, so an action for a like purpose can be maintained by the vendee against the vendor. The rights of the parties to a contract of sale and purchase, to maintain such an action, are mutual.

Even inadequacy of consideration is no ground for refusing specific performance, unless it be so gross as to raise the presumption of fraud, unreasonableness, or great hardship. .

One who purchases land with knowledge of another's right thereto under a contract of purchase, takes his title subject to such right; and that being so, either the deed to him will be set aside, or he will, with his wife, be directed to convey to the person having the prior right.

THIS was an action by Losee, a vendee, against Morey, the vendor, for the specific performance of a written agreement for the sale of real estate. Cramer was made a defendant as a subsequent purchaser, from Morey.

*A. Pond,* for the plaintiff.

*Merrill & Cowen,* for the defendant Morey.

*E. F. Bullard,* for the defendant Cramer.

BOCKES, J. The first question to be determined is one of fact—whether the agreement mentioned in the complaint was executed and delivered, and became a valid, binding contract between the parties. The defendant admits that he signed the paper, but insists that it does not correctly or fully express the agreement between them; and he denies that it was delivered as a final and binding contract; but says that it was made and signed merely as a memorandum, from which another and perfect contract was afterwards to be prepared.

The parties, Losee and Morey, have both been exam

Losee *v.* Morey.

ined as witnesses, and the evidence on this issue given by them is in direct conflict. It seems totally irreconcilable. Losee testifies to a full and complete understanding between them, as expressed in the contract, and also to its due execution and delivery; whereas Morey swears that the paper does not fully express the agreement, and that it was signed upon Losee's importunity and assurance that it should not be binding, but be used merely as a memorandum from which to prepare, in future, a perfect instrument. Both Losee and Morey are men of fair character, stand alike unimpeached, and, so far as I can judge, are of equal credibility. Did the case rest here, on their testimony only, the complaint should be dismissed. The plaintiff, in that event, would have failed to show a case of such undoubted fairness and perfect integrity as would entitle him to a decree in his favor. The case would then stand evenly balanced; in which event the plaintiff must fail in his action. But it is urged that the plaintiff is fully and circumstantially corroborated in his statement of the facts, and that his case is clearly proved by other evidence than his own. As matter of corroboration, the contract itself is presented, duly executed in form, and perfect in all its parts, even to the cancellation of the stamp. This of course is entitled to some consideration, (*Boyd* v. *Colt*, 20 *How*. 384;) and the evidence of Harvey Losee, the subscribing witness to the contract, is minute and circumstantial, and supports the plaintiff's statements. If we should strike out or wholly disregard the evidence of both the plaintiff and the defendant, on the ground that one balanced the other, the plaintiff's case would still stand well proved by the most unequivocal, and so far as I can judge, by perfectly reliable testimony. But I do not propose here to go extensively or minutely into an examination of the evidence. My duty, in deciding this case, only requires that I should declare in whose favor there is a clear preponderance of proof. As to this there

can be but one opinion, and I can but pronounce in favor of the plaintiff. On the proof, as given before me, I must find that the agreement was duly executed and delivered, and became a valid and binding instrument between the parties. Any other conclusion would, I think, be against the clear weight of evidence.

The next question is whether the plaintiff is entitled to have this contract specifically executed.

As a general rule, the specific performance of contracts rests in the discretion of the court. It is not, however, an individual or arbitrary discretion, but a judicial discretion, which conforms itself to general rules and settled principles. The right to have specific performance is a positive right, neither to be exercised or withheld capriciously, or simply at will. When all is fair, and the parties deal on equal terms, it is a universal rule, in equity, to enforce contracts for the sale of lands specifically, at the demand of either the vendor or vendee; and in such case it is as much the duty of the court to decree specific performance of the contract as it is to give damages for its breach. (*Willard's Eq.* 280. *Story's Eq.* §§ 746, 751. 9 *Vesey*, 608. 12 *id.* 395, 400. 3 *Cowen*, 445. 6 *Bosw.* 245.) In the last case cited the court remarks that the discretion to be exercised in these cases, "is governed, for the most part, by settled rules; and where a plaintiff is seeking a relief to which by such rules he is clearly entitled, and no substantial defense to his claim is established, the relief may not be capriciously denied." It follows, therefore, that if a contract for the sale and purchase of lands has been fairly obtained, without misapprehension, surprise, mistake or the exercise of any undue advantage, and it be not unconscionable in its terms, the right of the parties to its specific performance is a settled and positive right, which the court is bound to maintain and enforce. It is insisted, in the next place, that the case is not of equitable cognizance, because the plaintiff has, as is urged,

Losee *v.* Morey.

a perfect remedy at law, on the contract, for damages. This objection is not available in a case like this, where the contract is for the purchase and sale of lands. In such case the vendee is not deemed to have a perfect remedy in an action at law for damages. He is entitled to the land, according to the terms of the purchase. A compensation in damages will not afford adequate relief; "for the peculiar locality, soil, vicinage, advantage of markets and the like conveniences of an estate contracted for, cannot be replaced by other land of equal value." (*Vice Ch. Sandford, in Best* v. *Stow,* 2 *Sandf. Ch.* 298, 301. *Story's Eq.* § 746. *Will. Eq.* 279.) In this class of cases the party is entitled to proceed in equity for a specific performance, although he may have another remedy at law upon the contract. This has been repeatedly decided. (5 *Paige,* 235. *Id.* 268–283. 2 *Comst.* 60. 21 *Barb.* 381; *affirmed in Ct. of App.* 20 *N. Y. Rep.* 189.) In this last case cited the amount of the damages was stipulated by the parties. (21 *Barb.* 383.) Judge Grover, in speaking of this objection, says: "The clause fixing the damages to be paid by the party in default does not constitute a defense to this action." (20 *N. Y. Rep.* 189.) True, this remark occurred in a dissenting opinion; but the dissent was on other grounds, and the court must have been with the learned judge in this view, or specific performance could not have been ordered, in that case. (12 *Wend.* 393.) The instances are numerous in the books, where the vendor, in a contract for the sale of lands, has maintained an action for its specific performance, against the vendee; yet in nearly all, if not in every one, he had his action at law on the contract, either for the purchase price agreed to be paid, or for damages. So the chancellor says, in *Brown* v. *Haff,* (5 *Paige,* 235,) "a suit in this court against the vendee, to compel a specific performance of a contract to purchase land, has always been sustained as a part of the appropriate and acknowledged jurisdiction of a court of equity,

although the vendor has, in most cases, another remedy by an action at law upon the agreement to purchase." The right to recover at law the price agreed to be paid for the land will not deprive the vendor of his action for specific performance; neither will his right to recover damages effect that result. He may not wish the lands, even with the damages, but may prefer to have them off his hands, and he has a right to require that the vendee shall take them and pay the stipulated price. It is said, in *Fry on Specific Performance*, (§ 23:) "It might appear at first sight, that inasmuch as money in exchange for the estate is what the vendor of land is entitled to, he has a complete remedy at law, and therefore could not sustain a bill for the specific performance of the contract. But on further consideration it will be apparent that damages will not place the vendor in the same situation as if the contract had been performed; for then he would have got rid of the land and of all liabilities attached to it, and would have the net purchase money in his pocket." In this case it is clear that Morey, the vendor, could have maintained his action against the vendee, Losee, for a specific performance of the contract, had the latter refused to accept the deed and make payment as he had agreed. The numerous cases in the books where actions for specific perfomance have been maintained by the vendor against the vendee, on contracts like that here under consideration, admit of no possible doubt in regard to it. If so, then the vendee, Losee, may maintain his action, for a like purpose, against Morey. The rights of the parties to the contract to maintain such action are mutual. (6 *Paige*, 288. *Fry on Spec: Perf*. § 23. 10 *Mod. R.* 503–6. *Will. Eq.* 267. 2 *Barb. Ch.* 439. 2 *Barb.* 608. 8 *id.* 527.) Assuming that the preponderance of the evidence is with the plaintiff as to the due execution and delivery of the agreement, is there any excuse shown for the defendant's refusal to comply with its terms and stipulations? Yielding

*Losee v. Morey.*

the question of its due execution and delivery as a contract—not as a memorandum merely, for future reference—is there any evidence of fraud, concealment, misrepresentation, mistake, surprise, want of consideration or inequity in any respect, which requires that the vendor should be relieved from its performance according to its terms? I am unable to perceive any. If the contract be deemed to be duly proved, it should be executed according to its stipulations, the only substantial excuse for the defendant's refusal to perform being that it was not executed, and delivered as a binding instrument. If that defense be found against him, he stands without excuse in refusing to carry out his agreement. The fact that Morey was able, a few months after, to get an advance of $600, affords no ground why he should be relieved from its performance. Even inadequacy of consideration is no ground for refusing specific performance, unless it be so gross as to raise the presumption of fraud, unreasonableness, or great hardship. (6 *John. Ch.* 222. 3 *Cowen*, 445. *Hoff.* 37. 21 *Barb.* 381.)

The defendant Cramer purchased with knowledge of the plaintiff's right, and therefore took his title subject thereto. That being the case, either the deed to him should be set aside or he should, with his wife, convey to the plaintiff. (1 *Barb. Ch.* 273. 5 *John. Ch.* 225, 231. *Story's Eq.* § 788. *Will. Eq.* 269.)

The plaintiff is entitled to judgment for a specific performance of the contract mentioned in the complaint, with costs against the defendants Morey and Cramer. The use of the premises since the plaintiff was entitled to possession should be deducted from the amount of the purchase price agreed to be paid, and the value of such use must be determined on a reference for that purpose, unless the parties agree upon such value; in which case I can insert it in my finding and decision.

The plaintiff's counsel will draw up the finding and de-

cree, to be settled by me, in case of disagreement, on two days' notice. There must be some special clauses in my finding, and also in the decree, as to the mortgage which it seems Mr. Cramer has paid off, making it necessary, perhaps, to have the attendance of counsel on the settlement of them.

[SARATOGA SPECIAL TERM, August 8, 1865. *Bockes*, Justice.]