Raines agt. Totman.

Other considerations of very serious import were adverted to by the courts below which we need not here discuss. What has been said sufficiently indicates our opinion. No error was committed in rejecting the claim of the general agent.

The order should be affirmed.

All concur.

## SUPREME COURT.

WILLIAM G. RAINES agt. LEVI W. TOTMAN.

*Warranty — Breach of — Evidence — Burden of proof on plaintiff.*

In an action for the recovery of damages under an alleged breach of warranty:

*Held,* that upon the question as to whether there was a warranty or not, the plaintiff has the burden and must establish it by furnishing the preponderance of evidence.

When the plaintiff swears unqualifiedly and explicitly to a warranty and the defendant as unqualifiedly and explicitly swears there was not, and there is no evidence in the case corroborating the plaintiff, he fails to make out a case of warranty and defendant is entitled to judgment.

*Oneida Special Term, December,* 1882.

THIS action was commenced for the recovery of $1,000 damages under an alleged breach of warranty on the sale and purchase of a trotting horse. The cause was tried before the court without a jury. The plaintiff claimed that he purchased the horse of the defendant on his general warranty, that "he was free from disease, was sound and all right," whereas in truth and in fact at the time of the purchase the horse was afflicted with a disease of the eyes known as "specific opthalmia," and soon after the purchase became totally blind and comparatively worthless for the purposes for which he was purchased. There were but two witnesses to the bargain, the plaintiff and defendant. It was claimed by defendant's counsel at the conclusion of the trial that the

Raines agt. Totman.

plaintiff, having the affirmative of the issue must have the preponderance of evidence or he must fail. That as the parties were equally interested and alike respectable, the evidence of the defendant balanced and rendered nugatory that of the plaintiff. On this question alone, judgment ordered for the defendant.

*John Gillett*, for plaintiff.

*Anson B. Moore*, for defendant.

SMITH, *J.*— There are two questions arising in this case, each of which must be answered in the affirmative to entitle the plaintiff to recover. There must be shown a warranty and a breach of the warranty. The first question to decide is, was there a warranty: if there was not, then that is the end of the case. The mass of evidence given upon the subject of the soundness or unsoundness of this horse, it is not necessary to consider or pass upon in this case in the view I take of the matter, having found upon the question of warranty in the negative.

It is a well established rule of law that he who has the affirmative, must establish it by a preponderance of proof, otherwise he fails in law to make out his case. Upon the question was there a warranty, the plaintiff has the burthen and must establish it by furnishing the preponderance. The plaintiff swears unqualifiedly and explicitly to a warranty. The defendant as unqualifiedly and explicitly swears there was not. These two young men told their stories with apparent candor and honesty. Each, so far as anything appeared on the trial, is credible, and so far as I could discover gave his evidence with sincerity and candor. One or the other is mistaken. The defendant's statement in regard to what the conversation was at the time of the purchase is not in any way corroborated. Is the statement made by the plaintiff corroborated? If it is, from what has been stated above, he is entitled to recover, providing there was a breach. I find no

evidence in the case corroborating the plaintiff in his statement, that the defendant said at the time of the purchase "his horse was sound and all right." This rests upon the plaintiff's evidence alone. But it is claimed by plaintiff's counsel that the defendant swears he had no recollection that he told the plaintiff the horse was sound when he "took him." If this evidence referred to the witness' recollection of what was said at the time of the purchase or exchange or during the negotiation, then the case would be entirely changed; it would be a positive statement by the plaintiff against a mere want of recollection of the defendant. This want of recollection refers to the time when the plaintiff *took* the horse. It is not claimed by the plaintiff in his evidence that anything was said at this time about a warranty. The defendant would not probably recollect what was said at the time he left the horse for training, as nothing was said at that time by which he would assume any responsibility, there being then no negotiations between the parties until some time after, and hence this want of recollection proves nothing one way or the other. It is claimed also by plaintiff's counsel that the evidence of his witness, Risley, shows there was a warranty. The difficulty here is that nothing was said before Risley as to what the conversation was at the time of the sale, no admission before Risley that the defendant made a warranty, or that he used any words amounting to a warranty; in short, nothing said before Risley upon the *subject* of the conversation, which, it is claimed, constitutes the warranty. We have therefore no evidence one way or the other, outside the statement of the parties as to what that conversation was. Stress is laid upon the statement of defendant before Risley, that the "horse was all right at the time of the sale." But this evidence, fairly construed, amounts to no more than an expression of an opinion; it is in no sense an admission of what the defendant did say at the time of the sale. Indeed, taking the evidence of Risley as a whole, it rebuts the idea of a warranty, as he said in that conversation he would not do

anything, provided his eyes didn't get any better; but it in no sense follows from this conversation that he did not in fact warrant the horse, nor does it follow that he did. The mind is still left without any additional light upon the sworn statements of the parties, and there balancing each other, the plaintiff, under the rule above referred to, has failed to make a case of warranty. For the reasons above stated, if correct, the defendant is entitled to judgment for his costs of this action.

Judgment ordered accordingly.