Brady, J.
In this case the parties were examined on the trial, and contradicted each other directly: The testimony is irreconcilable, and no circumstance corroborating -either appears in the record.
*107 The plaintiff, in the complaint, alleged the loan of a bond of the par value of $1,000, and other sums, and demanded judgment for the value of the bond and such additional •sums. His statement upon the witness stand was, that the defendant asked him for a loan of $500, and not having the money he gave him the bond, that he might borrow the money upon it, and with the understanding that it was to be returned. He admitted that he had subsequently directed the sale of the bond, and had received $540.62, the difference between the alleged loan of $500 and the proceeds. He admitted, on cross-examination, that he was mistaken, when he swore in his complaint that the defendant had never returned any part of the proceeds of the bond, and •denied that he gave the bond for the purpose of paying an indebtedness of his to the amount of over $500 on account of a stock transaction of his own.
The defendant denied positively that the plaintiff loaned the bond to him, and explained how it was that the bond was given to him, namely, that the plaintiff had a point on Northern Pacific preferred, which induced the defendant to purchase for both six hundred shares of the stock, and which resulting in a loss, he called on the plaintiff to pay his share, when the latter having no ready money, gave him the . bond to enable him to get it, and he did borrow $500.
This action was not brought until two years after this transaction, and when the plaintiff through his counsel addressed the defendant about it, he saw the plaintiff, who said in reference to it, that he happened to be looking over his affairs, found he had lost a good deal of money, needed money and wanted it, to which the defendant said he thought it was regular blackmail. This conversation, which was not denied or alluded to, although the plaintiff was recalled, and although the claim was not presented for some time after the transaction, had some bearing upon the issue created by the antagonistic oaths of the parties.
The case, therefore, unless the incident just mentioned gave the advantage to the defendant, was one which must be disposed of on the credibility to be given to the plaintiff or the defendant, and, indeed, such was the judge’s charge. The rule seems to be against a recovery under such a condition of the proof. The plaintiff does not then make out his claim—establish his demand. It is not proved. Raines v. Totman, 64 How., 493; Losee v. Money, 57 Barb., 561. The burden of proof resting on the plaintiff, he has not carried it out successfully.
For these reasons the judgment must be reversed and a new trial ordered, with costs to abide the event.
Daniels, J., concurs.