### YOUNG v. HEBBERD.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

1. TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE.

   In an action for plaintiff's interest in a piano and diamond ring, plaintiff's husband testified that defendant had redeemed the ring from pawn, and used it, with plaintiff's consent, and that the sum paid by defendant had afterwards entered into an oral agreement for the purchase of land by plaintiff, a conveyance of which had been demanded of defendant, and that he failed to execute it; that a like agreement was made by defendant to purchase the piano, and convey to the plaintiff other property, taking a mortgage as security for balance due, which mortgage had been tendered and refused, and that defendant refused to execute that deed. Defendant positively denied all of these allegations, but plaintiff's husband was supported by one witness as to the fact of tender. *Held,* that a verdict for plaintiff would not be set aside.

2. ESTOPPEL—IN PAIS—FAILURE TO OBJECT TO MORTGAGE.

   Defendant having failed to object to the mortgage, when tendered him, on account of its form or conditions, cannot be heard to assert such objections on the trial as a defense to the action.

Appeal from circuit court, New York county.

Action by Julia A. Young against Southrick E. Hebberd. From a judgment entered on the verdict of a jury, and from an order denying a motion for new trial, defendant appeals.

Argued before BRADY, P. J., and BARTLETT and DANIELS, JJ.

*George H. Starr,* for appellant. *Edward Russell,* for respondent.

DANIELS, J. The recovery in this action was for the value of the plaintiff's interest in a piano and diamond ring. It was alleged in support of the

action, and the evidence of her husband, who was the principal witness in her behalf upon the trial, tended to establish the fact that this ring had been pawned for the sum of $100; and that the defendant agreed to redeem it; and also that he did so, and retained and used it with the consent of the plaintiff.　The sum which the defendant paid to redeem the ring, it is stated, afterwards entered into an oral agreement for the purchase by the plaintiff of a lot of land of the value of about $200.　A conveyance of this lot of land, it is stated, was demanded from the defendant, and he failed to execute or deliver it.　The evidence also tended to prove that a like agreement in form was made for the purchase of the piano by the defendant, and that he agreed to convey other property, including four lots and a house, to the plaintiff for the piano, and a mortgage securing the sum of $1,200.　It was stated by the witness that this mortgage had been tendered to the defendant, and also the sum of $35 paid by him for a debt which was a lien upon the piano, and $124 to redeem the ring; and that the defendant refused to receive the money or the mortgage, or to execute or deliver the deed.　These statements, upon which the right of the plaintiff to maintain the action depended, were positively denied by him, and because of that denial it has been urged in support of the appeal that there was no such evidence before the jury as authorized them to find a verdict in the plaintiff's favor.　But as to the fact that a tender was made, the plaintiff's husband was supported in his statement by the evidence given by the witness Lloyd, who testified that he was present, and that a tender was made to the defendant of the amount, which he understood to be about $125.　The testimony of this witness supported the plaintiff's witness in a material part of the case, and contradicted the evidence as to that fact given by the defendant himself; and under the case of *Sherwood* v. *Hauser*, 94 N Y. 626, a controversy was thereby presented which it was the duty of the court to submit for solution to the decision of the jury. No different rule was enunciated in the case of *Syms* v. *Vyse*, 2 N. Y. St. Rep. 106, for there the witness was without corroboration; and such was also the case in *Raines* v. *Totman*, 64 How. Pr. 493; and *Cranston* v. *Railroad Co.*, 103 N Y. 614, 9 N. E. Rep. 500, is inapplicable, for it was decided wholly upon an erroneous direction given to the jury.　The evidence concerning the value of the ring and also of the piano, which was also directly in conflict, sufficiently supported the view adopted by the jury to sustain their verdict. If the defendant intended to refuse the mortgage which was offered to him because of any objection to its form or conditions, he should have pointed that out at the time to the plaintiff, when the objection, if there was any ground for it, could have been speedily removed.　The law did not permit him to omit making that objection, and then bring it up on the trial as a reason for defeating the action.　The case was manifestly one for the jury, and the judgment and order should be affirmed.

BRADY, P. J., and BARTLETT, J., concur.