## LUMMIS v. VAN DYKE.

(Supreme Court, Appellate Division, Third Department. May 11, 1897.)

EVIDENCE—WEIGHT AND SUFFICIENCY.

A finding that a judgment confessed in favor of defendant by plaintiff's debtor was without consideration cannot be sustained where defendant testifies that it was for money loaned by her to the debtor, and this is contradicted only by the testimony of the debtor that the judgment was without consideration, but he had testified to exactly the contrary in another proceeding.

Appeal from special term, St. Lawrence county.

Action by Charles A. Lummis against Margaret A. Van Dyke and Simon M. Jacobson to set aside a confession of judgment by said Jacobson, and certain mortgages executed by him as in fraud of his creditors. There was a judgment in favor of plaintiff, and defendant Van Dyke appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

N. M. Claflin, for appellant.
H. D. Ellsworth, for respondent.

PARKER, P. J.   It is claimed by the plaintiff in this action that the defendant conspired with one Jacobson to defraud his (Jacobson's) creditors, and entered into the following fraudulent agreement: Judgment was confessed by Jacobson to defendant for the sum of $948.70 on July 13, 1894, upon two fictitious demands,—one a note of $600 and accrued interest; the other for money paid by defendant to Jacobson's use, on a note for $300, which she had signed as surety for him to one W. E. Jones.   Execution was issued upon such judgment, and the store of goods belonging to Jacobson—and for which he was mostly indebted to various parties from whom he had purchased the same—was sold thereon, and from the purchase money the amount of such judgment was paid to defendant under an agreement between her and Jacobson that she should hold it for his use.   It is conceded that she has never paid any portion of such amount to Jacobson.   Also a mortgage upon Jacobson's real estate to secure $500 was executed by Jacobson to her, which, although purporting to be for a loan of money, was in fact without any consideration whatever. Also a chattel mortgage on a horse and other personal property was executed by Jacobson to her to secure her against liability on a note for $150, which she had signed with him as surety, but which note was paid by Jacobson, and the mortgage used as a cover against his creditors.   The referee has found with the plaintiff on each one of those claims.   He has adjudged the mortgages void, and decreed that they be set aside, and has charged the defendant with the amount so received upon her execution, and decreed that she pay it over for the benefit of this plaintiff and other judgment creditors who have been brought into this action.   In opposition to this claim, the defendant Van Dyke contends that all the several demands for which she took judgment and security against Jacobson were valid claims for moneys actually loaned to or paid for him.   Concededly some money was loaned by the defendant to Jacobson, and both the $300 note and the $150 note were signed by her, with Jacobson, and as his surety.   The principal questions upon which the parties differ are whether, at the time judgment was confessed, Jacobson had not repaid her all the several little amounts she had advanced to him, and whether he had not put into her hands money to fully pay the $300 note; also whether the $600 note and the $500 mortgage were not given as mere fraudulent evidences of indebtedness, without any consideration whatever.   Upon these several questions Jacobson, upon this trial, testified squarely against the defendant.   He substantiates plaintiff's claim in every particular.   In fact, plaintiff's claim is based entirely upon his statements, and its validity depends entirely upon their correctness.   The defendant testifies as squarely against the plaintiff's claim, and, if her statements are true, Jacobson was actually indebted to her in the full amount, and his statements concerning those questions are utterly false.   Jacobson swore to the validity of the debt when the judgment was confessed.   A short time after the execution sale he was examined in proceedings supplementary to execution, and testified that the

$600 note was given when it bears date, and was for money actually loaned. He also, as I understand it, then testified to the validity of all the indebtedness for which the defendant Van Dyke then held the mortgages. In short, on two occasions since the transaction about which he now testifies, he has sworn that the transaction was in all respects as the defendant claims it to have been. Now he comes forward, and swears directly the other way. It is manifest that the one or the other of his statements is rank perjury. I do not discover in the case any evidence corroborating the statement he now makes, nor is there any evidence save his that discredits the statement of the defendant. The respondent's counsel calls our attention to several instances wherein he claims the defendant is inconsistent in her statements. They do not strike me as of much force, and there are as many inconsistencies to be found in the several statements of Jacobson, made since he began to attack the validity of defendant's claims. Nor is it unreasonable to suppose defendant did actually loan or pay the amount of money claimed by her. It does not appear in the evidence that she could not have done it. On the contrary, it is quite possible that she did receive all the money which she testified she received, and from that source she may have loaned and advanced the whole amount of her claim. The case seems to be one where two witnesses are directly opposed to one another in their statements, and without further evidence therein to contradict either. The burden of proof is with the plaintiff to establish by a fair preponderance of evidence that there was no valid indebtedness from Jacobson to defendant. In my judgment, he has not produced such evidence, and the relief which he prayed for should not have been granted him. It is held in Losee v. Morey, 57 Barb. 561, that where both parties are equally of good character, and alike unimpeached, and as witnesses contradict each other directly upon a question of fact, and their testimony is totally irreconcilable, in the absence of other testimony the case will stand evenly balanced, and the complaint will be dismissed. In the language of Bockes, J.: "The plaintiff in that event will have failed to show a case of such undoubted fairness and perfect integrity as will entitle him to a decree in his favor." See, also, Stevens v. Trask (Com. Pl.) 18 N. Y. Supp. 118; Smith v. Gunn (Sup.) 12 N. Y. Supp. 808; Syms v. Vyse, 2 N. Y. St. Rep. 106. In the case before us, assuming, as I do, that plaintiff's right to a decree depends entirely upon the uncorroborated testimony of Jacobson, it seems clear that none should have been given him. Even had he and the defendant stood equally unimpeached, the plaintiff, within the rule above cited, had failed to show a case entitling him to the relief asked. But his witness condemns himself as having committed perjury in his prior evidence concerning this very transaction, while the defendant has at all times made the same statement, and insisted upon the same claim. Under such circumstances a decree in his favor was especially unwarranted, and the same should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.