### WALKER v. McCORMICK.

(Supreme Court, Appellate Term. May 19, 1904.)

1. TRIAL—EVIDENCE—FAILURE TO OBJECT—MOTION TO STRIKE.

Where plaintiff's counsel permitted evidence to be introduced without objection, he was not entitled thereafter to have such evidence stricken out.

2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EVIDENCE.

In an action for breach of contract of employment, evidence *held* insufficient to sustain a judgment finding that plaintiff had been employed by defendant as a milliner for a "season."

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Anna R. Walker against Margaret E. McCormick. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

John F. Foley, for appellant.
Alex. Lamont, for respondent.

FREEDMAN, P. J. This action was brought to recover for an alleged breach of contract of employment; the plaintiff claiming that she was employed by the defendant as a milliner at the rate of $25 per week for a "season" terminating June 15, 1904. Plaintiff sued and recovered a judgment for the second week's wages; she having been discharged at the end of the first week, as she alleged, without cause. Plaintiff was the only witness sworn in her own behalf.

It is undisputed that the parties had a conversation relative to the employment of the plaintiff in January, 1904. At this time the parties were strangers. The plaintiff was soliciting employment. The defend-

¶ 1. See Trial, vol. 46, Cent. Dig. § 242.

ant had been engaged in the millinery business for 16 years. The plaintiff testifies that the defendant then engaged for a term of weeks ending June 15, 1904. She states that she offered to work for the defendant upon trial, but that the defendant, upon being told the several places where plaintiff had been previously engaged, said "that was sufficient, and would take me on without any trial." This is positively denied by the defendant, who testifies that she simply employed the plaintiff, and agreed to pay her $25 as long as her work suited; that she failed to perform satisfactory work; and that she was discharged at the end of the first week. In this she is corroborated by her bookkeeper, who heard the conversation between the parties.

In numerous instances upon the trial, the plaintiff's attorney, without having objected to the introduction of testimony on the part of the defendant, and after waiting until such testimony had been given by the witness, made a motion to strike out such testimony, which was granted. This practice is not to be countenanced. Counsel have no right to wait until an answer to a question is given without objection, and then, upon deeming such answer unfavorable, to ask and be allowed to have the testimony stricken from the record. Quin v. Lloyd, 41 N. Y. 349.

Aside from these manifest errors, we think the plaintiff failed to sustain the burden of proof cast upon her in support of her contention. There is an inherent improbability in her statement. It is hardly compatible with the ordinary course of business for an employer to engage an entire stranger for a fixed and definite term of considerable length, in an occupation which requires a high degree of a certain skill and taste in order to secure and retain customers, without trial, and solely upon a statement made, without verification, as to a previous employment in a like occupation. No circumstance or testimony corroborates the plaintiff's testimony, and, as before stated, she is positively contradicted by two witnesses of apparently equal credibility. Under such a situation, the judgment should be reversed. Stevens v. Trask (Com. Pl.) 18 N. Y. Supp. 117; Campbell Printing Co. v. Yorkston, 11 Misc. Rep. 340, 32 N. Y. Supp. 263; Losee v. Morey, 57 Barb. 561.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.