NEW YORK EVENING JOURNAL PUB. CO. v. WILLIAM F. SIMPSON ADVERTISING AGENCY.

(City Court of New York, Trial Term. June, 1907.)

1. TRIAL—QUESTIONS FOR JURY—WEIGHT OF EVIDENCE.
    The question of the weight of evidence is for the jury, and they may believe one witness, even though he be a party, as against a number of other witnesses.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 332–335.]

2. SAME—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.
    A verdict cannot be directed for a party, whatever the weight of evidence in his favor, where evidence has been given on the other side which presents an issue of fact upon which the jury could properly proceed to find a verdict.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 377.]

3. NEW TRIAL—GROUNDS—VERDICT AGAINST WEIGHT OF EVIDENCE.
    Where the evidence in an action is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and it is clearly submitted to the jury, the trial court should not set aside the verdict as against the weight of evidence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 142–145.]

Action by the New York Evening Journal Publishing Company against the William F. Simpson Advertising Agency. Motions to direct a verdict for plaintiff and to set aside a verdict for defendant. Denied.

Clarence J. Shearn, for plaintiff.
Alger & Simpson, for defendant.

WADHAMS, J. Motions are made to direct a verdict in favor of the plaintiff and to set aside a verdict rendered in favor of the defendant. The authorities cited by the plaintiff to the effect that it must be held as a matter of law, where both parties are of equally good character and alike unimpeached, and as witnesses contradict each other directly upon a question of fact, and their testimony is totally irreconcilable, in the absence of other testimony the case will

stand evenly balanced, and the complaint or defense must be dismissed, are overruled. Language similar to that quoted may be found in Lummas v. Van Dyke, 17 App. Div. 621, 45 N. Y. Supp. 489; Hopkins v. Clark, 14 Misc. Rep. 599, 36 N. Y. Supp. 456; Campbell v. Yorkston, 11 Misc. Rep. 340, 32 N. Y. Supp. 263; Syms v. Vyse, 2 N. Y. St. Rep. 106; Smith v. Gunn, 59 Hun, 616, 12 N. Y. Supp. 808; Stevens v. Trask (Com. Pl.) 18 N. Y. Supp. 117; Losee v. Morey, 57 Barb. 561, and other early cases. These are no longer controlling.

The question of the weight of evidence is for the jury, and they are at liberty to believe one witness, even though he be a party, as against a number of other witnesses. In Steinle v. Met. St. Ry., 69 App. Div. 85, 74 N. Y. Supp. 482, the plaintiff was uncorroborated and there were eight witnesses, three of them disinterested, for the defendant. The court says on page 86 of 69 App. Div., page 483 of 74 N. Y. Supp.:

"There was, however, some evidence (the testimony of the plaintiff) of the fact that would make the defendant liable, and, that being so, under the rules now established in this state, plaintiff had the right to have the case submitted to the jury. McDonald v. Met. St. Ry., 167 N. Y. 66, 60 N. E. 282."

In Philips v. Philips, 77 App. Div. 113, 78 N. Y. Supp. 1001, the court at page 115 of 77 App. Div., page 1002 of 78 N. Y. Supp. says:

"Upon the law as now authoritatively laid down by the Court of Appeals, a verdict cannot be directed for a plaintiff or defendant, no matter how great the weight or preponderance of evidence may be in his favor, where, on the other side, evidence has been given which presents an issue of fact and upon which the jury could properly proceed to find a verdict."

The motion to direct a verdict must therefore be denied.

The verdict rendered is the second verdict which has been found by a jury in favor of the defendant, and, in my opinion, it is not so clearly against the weight of evidence as to furnish proof that the jury was influenced by passion, prejudice or mistake. In Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547, the court lays down this rule:

"Where the evidence given in an action is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and such evidence is clearly submitted to the jury, the trial court should not in the exercise of its discretion set aside the verdict reached as against the weight of evidence."

There was such evidence in this case.

The motion to set aside the verdict must be denied.