The New York Evening Journal Publishing Company, Plaintiff, *v.* The William F. Simpson Advertising Agency, Defendant.

(City Court of New York, Trial Term, November, 1907.)

Evidence — Weight and sufficiency — Preponderance — Balanced testimony.

> It is no longer the law in this State that, where both parties are of equally good character and unimpeached and as witnesses contradict each other directly upon a question of fact and their testimony is totally irreconcilable, in the absence of other testimony, the case will stand evenly balanced and the party having the burden of proof must fail; but, in such a case, it is within the province of the jury to decide between them.

Motion to direct a verdict in favor of plaintiff and to set aside a verdict rendered in favor of defendant.

Clarence J. Shearn, for plaintiff.

Alger & Simpson, for defendant.

Wadhams, J. Motion is made to direct a verdict in favor of the plaintiff and to set aside a verdict rendered in favor of the defendant. The authorities cited by the plaintiff, to the effect that it must be held as a matter of law where both parties are of equally good character and alike unimpeached, and as witnesses contradict each other directly upon a question of fact and their testimony is totally irreconcilable, in the absence of other testimony the case will stand evenly balanced and the complaint or defense must be dismissed, are overruled. Language similar to that quoted may be found in Lummis v. Van Dyke, 17 App. Div. 621; Hopkins v. Clark, 14 Misc. Rep. 599; Campbell P. P. & Mfg. Co. v. Yorkston, 11 id. 340; Syms v. Vyse, 2 N. Y. St. Repr. 106; Smith v. Gunn, 35 id. 429; Stevens v. Trask, 18 N. Y. Supp. 117; Losee v. Morey, 57 Barb. 561; and other early cases. These are no longer controlling. The

City Court of New York, November, 1907. [Vol. 56.

question of the weight of evidence is for the jury, and they are at liberty to believe one witness, even though he be a party, as against a number of other witnesses. In Steinle v. Metropolitan St. R. Co., 69 App. Div. 85, the plaintiff was uncorroborated and there were eight witnesses, three of them disinterested, for the defendant. The court says, on page 86: " There was, however, some evidence (the testimony of the plaintiff) of the fact that would make the defendant liable, and that being so, under the rules now established in this State, the plaintiff had the right to have the case submitted to the jury. (McDonald v. Met. St. R. Co., 167 N. Y. 66)." In Philips v. Philips, 77 App. Div. 113, the court, at page 115, says: " Upon the law as now authoritatively laid down by the Court of Appeals, therefore, a verdict cannot be directed for a plaintiff or defendant, no matter how great the weight or preponderance of evidence may be in his favor, where, on the other side, evidence has been given which presents an issue of fact and upon which the jury could properly proceed to find a verdict." The motion to direct a verdict must, therefore, be denied. The verdict rendered is the second verdict which has been found by a jury in favor of the defendant, and, in my opinion, is not so clearly against the weight of evidence as to furnish proof that the jury was influenced by passion, prejudice or mistake. In Van der Born v. Schultz, 104 App. Div. 94, the court lays down this rule: " Where the evidence given in an action is 'so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and such evidence is clearly submitted to the jury, the trial court should not, in the exercise of its discretion, set aside the verdict reached as against the weight of evidence." There was such evidence in this case. The motion to set aside the verdict must be denied.

Motion denied.