JOHN SIMMONS CO. v. PIERCY & CO.

(Supreme Court, Appellate Term. April 10, 1908.)

1. EVIDENCE—WEIGHT AND SUFFICIENCY—PREPONDERANCE OF EVIDENCE.
    Where the statements of two conflicting and only witnesses are equally
    probable, the character of each equally good, and no reason appears why
    the one statement is not as credible as the other, it cannot be held that
    plaintiff has established his cause of action by a preponderance of the
    evidence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2450.]

2. MUNICIPAL CORPORATIONS—STREETS—COLLISIONS BETWEEN VEHICLES.
    In an action for injuries to plaintiff's horse in a collision in a city street
    with defendant's team, alleged to have occurred through the negligence of
    defendant's driver, evidence held sufficient to sustain a judgment for
    plaintiff.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
    porations, § 1515.]

3. SAME—EVIDENCE.
    In an action for injuries to plaintiff's horse through being run into by
    defendant's team, testimony of a witness, who came on the scene a few

minutes after the accident, as to blood stains on the street and the condition of the horse, while entitled to little weight on the question of the precise location of the accident, in the absence of evidence that the horse had not changed its position after the injury, was competent and material on the question of the injury and its extent.

4. APPEAL—REVIEW—QUESTIONS OF FACT—CONFLICTING EVIDENCE.

Findings of the trial court on conflicting evidence, which is sufficient to sustain the findings, will not be disturbed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3983-3989.]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the John Simmons Company against Piercy & Co., a corporation. Judgment for plaintiff, and defendant appeals. Judgment modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Frank M. Patterson, for appellant.

Henry W. Sykes, for respondent.

GILDERSLEEVE, P. J. Both parties to this action are corporations. One of the plaintiff's trucks, heavily loaded and drawn by three horses, was being driven eastwardly on Albany street. A truck owned by the defendant company, heavily loaded and drawn by two horses, was passing down Washington street. Washington street runs north and south; Albany street, east and west. There was a collision between these horses and trucks at the crossing of the streets named. The left forefoot of the near horse of plaintiff's team of three horses was seriously injured, resulting in his death. The case was tried by the court without a jury, and judgment rendered in favor of the plaintiff for $545 damages and $32 costs.

The only eyewitnesses of the accident who gave testimony are the respective drivers. It is the contention of the appellant that on all points bearing upon the happening of the accident there is an irreconcilable conflict between the testimony of both drivers, and that, under the rule laid down in McManus v. Davitt, 94 App. Div. 481, 88 N. Y. Supp. 55, and other cases cited, the plaintiff failed to sustain the burden of proof. Giving the rule invoked its broadest application, the most that can rightfully be claimed under it is that, when the statements of the two conflicting and only witnesses are "equally probable, the character of each equally good, and no reason apparent why the one statement is not as credible as the other, * * * it should not be held that the plaintiff has established his statement by a preponderance of evidence." The evidence of the plaintiff's driver tended to show that the accident happened on the east side of Washington street, and that the defendant's team ran into the plaintiff's team at that point by reason of a failure on the part of defendant's driver to exercise ordinary care. The latter testified that he was driving down Washington street on the right-hand side of the street, and that when at the intersection of Washington and Albany streets he first saw the plaintiff's truck

about half way down the block toward West street (the next westerly street); that the pole, or something, attached to plaintiff's team jolted his truck between the forward and hind wheels; that he pushed past, and did not know an accident occurred until he was a block away, when the plaintiff's driver caught him, and he went back to see what had happened; that he made no report of the accident to his employer, because the plaintiff's driver requested him not to. It will be observed that, if the statement of defendant's driver is true, the defendant's truck crossed Albany street on the proper side of Washington street, with due regard for the rules of the road, when plaintiff's driver ran into him. On the other hand, plaintiff's driver testified that when his three horses reached the westerly crosswalk of Albany and Washington streets he first saw defendant's two horses and truck coming down Washington street, in the center of the street, at a pretty stiff trot, half a block away; that he proceeded to cross Washington street, and within three feet of the easterly curb of Albany street, he turned his horses to the left, one of his front wheels smashed into the pavement right alongside of the corner, and his front wheel struck the horse on his forward foot, on the left-hand side, and he went on without changing speed.

It is manifest that, if the story of the plaintiff's driver is true, it is sufficient to support a finding of negligence on the part of the defendant's driver that was the proximate cause of the accident, and a further finding that the plaintiff's driver was free from contributory negligence. But it is claimed by appellant that, upon all the evidence in this case, it was not within the province of the trial court to believe the plaintiff's story in preference to the defendant's. We think it was. The probability of the injury to the left forefoot of the near horse, in the event of the collision as described by the defendant's driver, seems to us much less than if the accident occurred as described by the plaintiff's driver. The plaintiff's horses were walking and pulling a heavy load, and it appears highly improbable that they should, under such circumstances, bump into the defendant's truck and the injury result. Moreover, the conduct of the defendant's driver in not stopping to learn the result of the collision to his own and the other truck throws a shadow upon his credibility which it was the duty of the trial justice to consider; also his failure to report to his employer has some significance unfavorable to him.

We find no error in the admission of McCollough's testimony, a witness called by the plaintiff, and who came upon the scene a few minutes after the accident and testified to the blood stains upon the east side of the street and the condition of the horse. In the absence of evidence that the horse had not changed position after the accident, it was entitled to little or no weight on the question of the precise location of the accident. On the question of the injury and its extent it was clearly competent and material.

The learned trial justice disposed of the questions of fact upon conflicting testimony, and, the evidence being sufficient to sustain his findings, they should not be disturbed. The value of the horse was shown to be not less than $375, the hire of another horse for sixty days $120,

and doctor's treatment $60. The court exceeded its jurisdiction, however, in awarding a judgment for damages in the sum of $545.

The judgment should be modified, by reducing the same to $532, being damages $500 and $32 costs in the court below, and, as modified, affirmed, without costs to either party in this court.

SEABURY, J., concurs.

DAYTON, J. (dissenting). The respondent in his brief states:

"Its [defendant's] only witness was the driver, O'Connor, whose testimony will be found at pages 80–99, stenographer's minutes. His testimony was in direct conflict with that given by plaintiff's driver."

This statement is fully borne out by the record. A digest of Duffin's evidence is that he saw defendant's truck coming through Washington street at a pretty stiff trot. "He made a short turn, got round my pole, and his front wheel struck the horse on left-hand forward foot. I ran after him, and said: 'You had better come back. You've hurt my horse.' He said: 'I have to hurry up'—but came back with me, and said he was sorry it happened. I did not tell him not to report the accident. I was positive he would know enough to stop his truck." O'Connor, defendant's driver, said his horses were drawing a heavy load, and going slowly, about three miles an hour. He pushed past plaintiff's truck, and did not know an accident occurred until he was a block away. Duffin was going along Albany street on a trot. The first thing O'Connor knew he felt a jolt. He kept on, and Duffin came up, saying: "Did you see what you done?" O'Connor replied: "I didn't do anything. You ran into me." O'Connor went back with Duffin, who said to O'Connor: "You don't need to make any report about it." So O'Connor made no report. O'Connor further said: "He ran into me, his hind wheel hitting something. I deny that my horse pulled his pole round." Duffin was recalled, and specifically denied O'Connor's testimony categorically.

The character of neither of these witnesses was attacked. There was no corroborating witness for either side. The story of O'Connor seems as probable as does that of Duffin. One is as credible as the other. It would seem to follow that plaintiff failed to establish a cause of action by a preponderance of evidence, and that a new trial should be had. Losee v. Morey, 57 Barb. 561; McManus v. Davitt, 94 App. Div. 481, 88 N. Y. Supp. 55; Lummas v. Van Dyke, 17 App. Div. 621, 45 N. Y. Supp. 489; Syms v. Vyse, 2 N. Y. St. Rep. 106; Raines v. Totman, 64 How. Prac. 493; Re Whittaker, 63 App. Div. 444, 71 N. Y. Supp. 497, citing Losee v. Morey, supra; 17 Cyc. pp. 765, 766.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.