NEW YORK EVENING JOURNAL PUB. CO. v. WILLIAM F. SIMPSON ADVERTISING CO.

(Supreme Court, Appellate Term.    May 15, 1908.)

1. EVIDENCE—WEIGHT AND SUFFICIENCY—INTERESTED PERSONS.

The doctrine that the burden of proof is not sustained, where the question of fact rests upon the conflicting testimony of unimpeached witnesses of equally good character, is no longer accepted.

2. APPEAL—REVIEW—VERDICTS—MATTERS TO BE CONSIDERED—TRIAL BY TWO JURIES—MOTION TO SET ASIDE VERDICT—RULING OF TRIAL JUSTICE.

The circumstance that two juries have credited the same party's testimony and the action of the trial justice in denying the motion to set aside the verdict are entitled to much consideration in the appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3951–3954.]

3. SAME.

A verdict in favor of the party on whom was the burden of proof, resting entirely on conflicting testimony of unimpeached interested witnesses of equally good character, which verdict was the same as on a former trial, and which the trial justice refused to set aside on motion, will not be disturbed on appeal, where there was nothing inherently improbable in the testimony supporting the victorious party, but, on the contrary, his claim was not unlikely, and there was no indication or suggestion. that the verdict was procured either by passion or prejudice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3912–3924.]

4. ACCORD AND SATISFACTION—CONSIDERATION—SUFFICIENCY.

A promise by a debtor to secure new business for his creditor is a sufficient consideration for an accord and satisfaction of his debts to the creditor to whom the promise is made, where the promise to secure the new business was of a very definite character and referred to certain specified advertising, which the promisor at the time of making the promise controlled.

5. SAME—EVIDENCE—QUESTION OF PROBABILITIES.

Where defendant in an action on a debt set up the affirmative defense of accord and satisfaction, the consideration for which defendant alleged was his promise to secure new business for plaintiff by furnishing him advertising, evidence that defendant did furnish advertising to plaintiff pursuant to the agreement was competent upon the question of probabilities, even though not necessary in order to maintain the defense.

Appeal from City Court of New York, Trial Term.

Action by the New York Evening Journal Publishing Company against the William F. Simpson Advertising Company. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

For opinion below, see 56 Misc. Rep. 347, 106 N. Y. Supp. 858.

Argued before GILDERSLEEVE, P. J., 'and GIEGERICH and GREENBAUM, JJ.

Clarence J. Shearn (Edward A. Freshman, of counsel), for appellant.

Alger & Simpson (George W. Alger, of counsel), for respondent.

GREENBAUM, J. The issue upon the affirmative defense, so far as it presented a question of fact, was resolved by the jury in favor of defendant. Two juries upon admittedly the same testimony have accepted defendant's version. There is no indication in the record that the jury's deliberations were swayed by passion or prejudice. While it is true that upon the first trial the learned justice presiding set aside the verdict upon plaintiff's motion, yet it is evident from the memorandum filed by him upon granting the motion that his judgment was largely controlled by a line of authorities, exemplified by Hopkins v. Clark, 14 Misc. Rep. 599, 36 N. Y. Supp. 456, that the burden of proof is not sustained where the question of fact rests upon the testimony of unimpeached interested witnesses of equally good character conflicting, a doctrine not now accepted. McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282; Steinle v. Same, 69 App. Div. 85, 74 N. Y. Supp. 482; Philips v. Philips, 77 App. Div. 113, 78 N. Y. Supp. 1001; and the recent case of Gordon v. Ashley, 191 N. Y. 186, 83 N. E. 686.

This court, upon the appeal from the order setting aside the verdict of the jury, saw fit not to disturb the exercise of the direction of the trial court, who had opportunity to observe the witnesses. Upon the second trial we find that the jury has again found for the defendant, and the learned justice then presiding refused to set aside the verdict. The circumstance that two juries have credited the defendant's testimony and the action of the trial justice in denying the motion to set aside the verdict are entitled to much consideration in an appellate court. McMahon v. Jacob, 76 App. Div. 346, 78 N. Y. Supp. 432; McCoy v. Munroe, 76 App. Div. 435, 436, 78 N. Y. Supp. 849. There was nothing inherently improbable in defendant's testimony. On the contrary, it was not an unlikely situation for the defendant, insolvent at the time and endeavoring to effect a settlement with its creditors, to induce a compromise upon the promise to secure new business for its creditor; and, as already observed, there is no indication or suggestion that the verdict was procured through passion or prejudice.

The contention of appellant that the affirmative defense of an accord and satisfaction did not rest upon a sufficient consideration cannot be upheld. Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710. The alleged promise of defendant to secure new business for plaintiff was of a very definite character, if the testimony of its manager is to be believed, referring, as it did, to certain specified advertising which defendant at that time controlled.

As to the alleged error in permitting defendant to show that it furnished advertising to plaintiff pursuant to the agreement, it may be that the testimony was not necessary to maintain the defense, yet

it was competent upon the question of probabilities, and it cannot be seriously urged that the admission of this testimony was prejudicial to the plaintiff.

The judgment should be affirmed, with costs to respondent. All concur.