OGDEN et al. v. SERGEANT.

(Supreme Court, Appellate Term. November 24, 1908.)

TRIAL (§ 139*)—ISSUES—QUESTION FOR JURY.

Where there was evidence to support plaintiff's claim that defendant agreed to pay plaintiff for materials purchased by a contractor for defendant's building, while defendant claimed he only agreed to pay the debt of the contractor in case there should be a surplus after completion, which there was not, the issue should have been submitted to the jury,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

however great the weight or preponderance of the evidence may have been in defendant's favor.·

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 332; Dec. Dig. § 139.*]

Appeal from City Court of New York, Trial Term.

Action by Frederick J.· Ogden and another against William L. Sergeant. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., MacLEAN and SEABURY, JJ.

John Oscar Ball (A. P. Bachman, of counsel) for appellants.

Bouvier, Dugro & Doyle (John B. Doyle and Dudley Davis, of counsel) for respondent.

PER CURIAM. Defendant was having built certain houses, and had given a contract therefor to the Structural Concrete Company, a corporation. Plaintiffs had a contract with said corporation under which they furnished materials which were·used in the construction of the said houses with the knowledge and consent of defendant. The corporation abandoned the job, and failed to pay plaintiffs for the materials furnished by them. Plaintiffs claim that defendant agreed to pay the account of the corporation to plaintiffs, in consideration of the latters' not filing a mechanic's lien and of their continuing to supply materials for the job, with which conditions plaintiffs complied. There is also another cause of action for the price of the materials subsequently supplied by plaintiffs to defendant, the amount of which claim has been paid into court. The court dismissed the first cause of action, and then gave judgment for defendant on the second cause of action on the ground that the money was in court at the disposal of plaintiffs and plaintiffs were not entitled to costs. Goldman v. Swartwout, 117 App. Div. 186, 102 N. Y. Supp. 302. Plaintiffs appeal.

Defendant claims he only agreed to pay the debt of the defunct corporation in case there should be a surplus after completion, which there was not. It seems to us that the case should not have been taken from the jury; for, however great the weight or preponderance of evidence may have been in favor of defendant, there was some evidence given on behalf of plaintiffs which presented an issue of fact upon which the jury could have properly proceeded to a verdict, and plaintiffs had a right to have the case submitted to the jury. See Phillips v. Phillips, 77 App. Div. 113, 78 N. Y. Supp. 1001; Steinle v. Met. Co., 69 App. Div. 85, 74 N. Y. Supp. 482; McDonald v. Met. Co., 167 N. Y. 66, 60 N. E. 282.

The judgment must be. reversed and a new trial granted, with costs to appellants to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes