JOHN McMAHON, Respondent, *v.* CHRISTIAN A. JACOB (Sued as JACOB BROTHERS) and MARIA M. JACOB, Appellants, Impleaded with ELIZABETH HALL.

*New trial refused, where two juries (the verdict of the first having been set aside on appeal) have found for the plaintiff, and the trial justice on each trial has denied a motion for a new trial.*

Where a verdict rendered in favor of the plaintiff on the first trial of an action is set aside by the Appellate Division as against the weight of evidence and, upon a second trial, the jury find a verdict in favor of the plaintiff upon substantially the same evidence as that given upon the former trial, the Appellate Division, in determining whether or not to set aside the second verdict as against the weight of evidence, may take into consideration the fact that two juries have found in favor of the plaintiff, and that both justices who presided at the trials of the action refused to set aside the verdicts.

APPEAL by the defendants, Christian A. Jacob (sued as Jacob Brothers) and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of October, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of October, 1901, denying said defendants' motion for a new trial made upon the minutes.

*James L. Bishop* [*Clark Brooks* with him on the brief], for the appellants.

*Maurice V. Theall*, for the respondent.

WOODWARD, J.:

This action was brought to recover damages for the wrongful taking of a piano from the possession of the plaintiff. It was originally brought against the sheriff of the county of Kings, but the defendants above named have been duly substituted and the action was tried as against them. The piano was taken to satisfy a judgment against the plaintiff's daughter, and the sole question at issue was the ownership of the piano. Upon this point there was a distinct conflict of evidence, and while it may be that there was more evidence in support of the theory of the defendants, it cannot be said that the theory of the plaintiff was not sustained by evidence,

or that the weight of evidence is so far preponderating that this court, after a second verdict by a jury, would be justified in setting the judgment aside. On a former trial the jury found in favor of the plaintiff upon substantially the same evidence, and this court reversed the judgment upon terms, as against the weight of evidence (*McMahon* v. *Jacob*, 45 N. Y. Supp. 1144), and we are again asked to interfere with the verdict of the jury. The fact that a second jury has found for the plaintiff; that the learned justice presiding has refused, as did the justice presiding at the former trial, to set aside the verdict upon defendants' motion for a new trial, are circumstances entitled to some weight in deciding the action of the appellate court upon the question whether there is evidence to sustain the verdict (*Cole* v. *Fall Brook Coal Co.*, 87 Hun, 584, 591, and authority there cited), and the record now before us shows evidence which, if credited by the jury, establishes ownership of the piano in the plaintiff. Two juries have believed the plaintiff's witnesses; there is no reason why a third jury might not properly reach the same conclusion, and it would serve none of the purposes of justice to permit a new trial.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.