### ZUCKER v. WHITRIDGE.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

APPEAL AND ERROR ☞1099—SUBSEQUENT APPEAL—LAW OF THE CASE.

The evidence on a second trial being substantially the same as that on the first trial, which the Court of Appeals held to show contributory negligence as a matter of law, requires the Appellate Division to affirm the judgment ordered for defendant notwithstanding verdict for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. ☞1099.]

Appeal from Special Term, New York County.

Action by Louise Zucker, administratrix of Simon Zucker, deceased, against Frederick W. Whitridge, receiver of the Third Avenue Railroad Company. From an order setting aside the verdict for plaintiff, and directing judgment for defendant, and from the judgment entered thereon, plaintiff appeals. Affirmed.

See, also, 205 N. Y. 50, 98 N. E. 209, 41 L. R. A. (N. S.) 683, Ann. Cas. 1913D, 1250.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Julius Henry Cohen, of New York City, for appellant.
Frederick J. Moses, of New York City, for respondent.

PER CURIAM. We have carefully examined the evidence, and find no substantial or material difference between that given upon the present trial and that given upon the former trial, as to which the Court of Appeals said:

The majority of the court "are of the opinion that the decedent, upon the most favorable view of the evidence that can be taken in the interest of the plaintiff, was guilty of contributory negligence as matter of law."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Relying, therefore, upon the opinion above quoted (205 N. Y. 50, 98 N. E. 209, 41 L. R. A. [N. S.] 683, Ann. Cas. 1913D, 1250), we are constrained to affirm the order and judgment.

Order and judgment affirmed, with costs.