SAMUEL SISSKIN, Appellant, v. THE WORKMEN'S CIRCLE, Respondent.

First Department, October 26, 1917.

**Master and servant — action for wrongful discharge — pleading — evidence — sufficiency of allegation as to due performance of duties.**

An employee claiming to have been wrongfully discharged sued his employer upon three causes of action: *First*, for wages due and unpaid at the time of his discharge; *second*, for damages for his discharge, and *third*, for the value of board and lodging from the date of his discharge until the expiration of the agreed term of his contract.

*Held* on all the evidence, that the plaintiff was wrongfully discharged.

An allegation that the plaintiff had " duly entered upon the employment of the defendant and fully performed his duties in accordance with the aforesaid agreement," was not equivalent to an allegation that the plaintiff had " duly " performed, and rendered the complaint defective as to the first cause of action.

But since the defendant had consented in open court to judgment for the first cause of action, and since it was not necessary to allege performance as to the second and third causes of action, the defect in pleading was immaterial.

APPEAL by the plaintiff, Samuel Sisskin, from a determination and order of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of March, 1917, reversing a judgment of the City Court of the City of New York, entered in the office of the clerk of said court on the 1st day of December, 1916, and further reversing an order of said court and dismissing the complaint.

*Lester M. Friedman*, for the appellant.

*Samuel Golding*, for the respondent.

SCOTT, J.:

Plaintiff was employed by defendant to serve as engineer from June 2, 1915, to December 2, 1915. He entered upon the employment, but was discharged, as he claims, wrongfully, on July 31, 1915. He sues upon three causes of action: *First*, for wages due and unpaid at the time of his discharge;

*second*, for damages for his discharge, and *third*, for the value of board and lodging from the date of his discharge until the expiration of the agreed term of his contract, said contract providing that in addition to wages he should be furnished with board and lodging for himself and wife. The second and third causes of action are, therefore, both for damages for the unlawful discharge. The questions of fact litigated at the trial were whether or not plaintiff had been discharged or had quit voluntarily, and whether, if discharged, the discharge was justified. On both of these questions the jury found in plaintiff's favor and we see no reason for interfering with the verdict.

The judgment was reversed at the Appellate Term upon a question of pleading. The complaint alleged that plaintiff had " duly entered upon the employment of the defendant and fully performed his duties in accordance with the aforesaid agreement." It was claimed by the defendant, and so the Appellate Term held, that this was not equivalent to an allegation that plaintiff had " duly " performed. Of course, this is true, and so far as concerns the first cause of action, for wages earned before the discharge, the complaint was defective. But defendant had consented in open court, upon the trial, that plaintiff should have judgment for the amount claimed for earned wages. As to the second and third causes of action for damages it was not necessary to allege performance, for the cause of action is predicated not on performance, but upon defendant's prevention of performance. (*Murray v. O'Donohue*, 109 App. Div. 696.) So it is immaterial, as to those defenses, whether performance was sufficiently alleged or not. Hence, since the defendant consented to judgment for the first cause of action, and the objection to the second and third causes of action was untenable, it follows that the determination of the Appellate Term must be reversed and the judgment of the City Court affirmed, with costs to the appellant in this court and the Appellate Term.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Determination reversed, with costs, and judgment of City. Court affirmed, with costs.