EUGENE GUTMAN and SIDNEY GUTMAN, Appellants, *v.* BENJAMIN WEISBARTH and Others, Respondents.

First Department, December 3, 1920.

**Appeal — when judgment on verdict on second trial based on same evidence presented at first trial should not be set aside.**

On the former trial of an action for breach of contract for the sale and delivery of goods in which the evidence presented questions of fact arising on conflicting testimony of the witnesses for the plaintiff and the defendant, the court, without a jury, found in favor of the plaintiffs, but the judgment was reversed by the Appellate Term of the Supreme Court and a new trial granted on the ground that the plaintiffs failed to sustain the burden of proof on the issue whether the original contract was modified so as to extend the time of delivery of the goods. On the new trial the case was submitted to the jury on the same evidence under a charge which left it to the jury to say whether they believed the testimony for the one side or the other and the jury returned a verdict in favor of the plaintiffs and the Appellate Term reversed the judgment entered on the verdict

and granted a new trial on the ground that the evidence was substantially the same as on the former trial.

*Held*, that the Appellate Term erred in reversing the judgment and granting a new trial.

While the power of the court to set aside a verdict is expressly conferred by statute without limitation with respect to the number of times the power shall be exercised in a given case, still the preponderance of judicial authority is in favor of allowing a second verdict to stand in the absence of some unusual fact, circumstance or situation by which the court is impressed that the verdict is wrong, and where there is reasonable ground for believing that the wrong may be righted on a new trial.

APPEAL by the plaintiffs, Eugene Gutman and another, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 9th day of June, 1920, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiffs, entered in the office of the clerk of said court on the 18th day of February, 1920, upon the verdict of a jury, and ordering a new trial.

*Clarence M. Lewis* of counsel [*Jay Leo Rothschild* with him on the brief]; *Seligsberg, Lewis & Strouse*, attorneys, for the appellants.

*Max Leff* of counsel [*David Drechsler*, attorney], for the respondents.

LAUGHLIN, J.:

The action is for damages for breach of a contract by which the plaintiffs agreed to sell and deliver to defendants fifty pieces of sleeve linings for coats, known in the trade as "Antwerp sleeves." The plaintiffs alleged that defendants refused to accept the goods when duly tendered pursuant to the contract as modified by mutual agreement of the parties or to pay therefor and judgment was demanded for the difference between the market value and the contract price of the goods. The answer put in issue the allegations of the complaint with respect to the modification of the contract and tender of performance under it as modified; and for a separate defense pleaded that the action was prematurely brought before the expiration of the term of credit to be given defendants under the contract. The evidence presented questions

of fact arising on conflicting testimony given in behalf of the plaintiffs by one Thalmessinger, who was their salesman and negotiated the contract for them but was not in their employ at the time of trial, and by the defendants Benjamin and David Weisbarth. Thalmessinger testified, in substance, that the time of delivery of the first one-half of the goods, which by the order in writing, constituting the original contract, was to be made on the 1st of September, 1918, was changed by the verbal consent of the defendants Benjamin and David Weisbarth, given to him the latter part of August, 1918, when they selected the styles of the goods, which had not been specified in the written order given on the fifth day of June that year, and that when delivery of the first one-half of the order was tendered by plaintiffs on September twentieth, said defendants, through him, requested the plaintiffs to hold the goods and extend the term of the credit from ten days after October 31, 1918, which was the time of payment for all the goods specified in the contract, to sixty days from the 31st of October, 1918, and that such holding of the goods and extension of credit were requested owing to the fall in the market price of the goods and to the fact that defendants were pressed for storage room. The testimony of the defendants Benjamin and David Weisbarth was in direct conflict with that of Thalmessinger. They denied that any change of the terms of the contract evidenced by the order in writing was negotiated with them and claimed that the tender of delivery of the goods was refused and that they repudiated the contract on the ground that the first tender of delivery of one-half of the goods was not made on September first as called for by the contract and that they were obliged to and did purchase in the open market at a much lower price. Thus the evidence presented questions of veracity, and inasmuch as there is no apparent theory on which the conflicting testimony can be reconciled, it would seem that there was perjury either on the part of Thalmessinger or on the part of the two defendants. On a former trial before the court without a jury, the court on the same testimony and additional testimony given by a foreman employed by the defendants, who was called in their behalf, found in favor of the plaintiffs, but the judgment was reversed and a new

trial granted by the Appellate Term on the ground that the plaintiffs failed to sustain the burden of proof on the issue as to whether the original contract was modified (178 N. Y. Supp. 377). On the new trial the defendants did not call the foreman, but it was stipulated that he would have corroborated the defendants, and the issues of fact were submitted to the jury on a fair and impartial charge under which the verdict was left to depend upon whether the jury believed the testimony of Thalmessinger or that offered. in behalf of the defendants. The learned Appellate Term in a *per curiam* opinion again reversed the judgment in favor of the plaintiffs, entered on the verdict, on the ground that the record was substantially the same as on the former appeal, and granted a new trial (182 N. Y. Supp. 688).

We are of opinion that the learned Appellate Term erred in reversing the judgment. The power of the court to set aside a verdict and grant a new trial on the ground that the verdict is, in the opinion of the court, contrary to the evidence, is expressly conferred by statute without limitation with respect to the number of times the power shall be exercised in a given case; and in extreme cases, presenting extraordinary circumstances, where the court is of opinion that a cause of action or a defense is wholly without merit, and that there has been a miscarriage of justice, the power is quite freely exercised and verdicts have been set aside and new trials granted on this ground three times in some instances. (Code Civ. Proc. § 999; *Meinrenken* v. *N. Y. C. & H. R. R. R. Co.,* 103 App. Div. 319; *Gnecco* v. *Pedersen,* 165 id. 235.) The courts, however, recognize that where issues of fact must be submitted to a jury, it becomes necessary for the court sooner or later to acquiesce in the verdict in order that the litigation may come to an end and that the determination of the issues in a single action may not occupy the attention of the courts to an unreasonable extent, and while it may not be said that there is any definite rule on the subject, the preponderance of judicial authority is in favor of allowing a second verdict to stand in the absence of some unusual fact, circumstance or situation by which the court is impressed that the verdict is wrong and where there is reasonable ground for believing that the wrong may be righted on a new trial. (*McMahon* v. *Jacob,*

76 App. Div. 346; *New York Evening Journal Pub. Co.* v. *Simpson Adv. Co.*, 110 N. Y. Supp. 391; *McCann* v. *N. Y. & Queens County R. Co.*, 73 App. Div. 305; *Barrett* v. *N. Y. C. & H. R. R. R. Co.*, 45 id. 225; *Ludeman* v. *Third Ave. R. R. Co.*, 72 id. 26; *Cole* v. *Fall Brook Coal Co.*, 87 Hun, 584; *Williams* v. *D., L. & W. R. R. Co.*, 53 App. Div. 648; 81 id. 444; affd., 177 N. Y. 564.) In the case at bar there is nothing inherently improbable in the testimony of Thalmessinger. The fact that the order for the goods was in writing and that the modifications with respect to the time of delivery and term of credit were not reduced to writing, is, I think, of no great significance; and it is quite as probable that defendants were desirous of obtaining an extension of credit and a delay in the delivery of these goods, the market price of which had fallen before the date for delivery, and took advantage of the lower market for the supply of their immediate needs, as that they stood upon the letter of the contract and refused delivery because not tendered on September first.

It follows, therefore, that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination reversed, with costs, and judgment of Municipal Court affirmed, with costs.