Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of DELIA NESTOR, Respondent, for Compensation under the Workmen's Compensation Law, on Behalf of Herself and Infant Son, on Account of the Death of Her Husband, ANDREW NESTOR, v. PABST BREWING COMPANY, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

**Workmen's Compensation Law — death from heart disease following injury — evidence not establishing causal relation between accident and heart disease.**

Where on an appeal from an award for death from heart disease following an injury, the case is sent back for a further hearing on the ground that the presumption arising from the death certificate stating that death was caused by heart disease was overcome by positive evidence that there was no causal relation between the accident and the immediate cause of death, an award is not justified on a rehearing where the only additional evidence that the injury contributed to the death was the opinion of an expert based on the facts disclosed by the record, eliminating the death certificate.

JOHN M. KELLOGG, P. J.; dissents.

APPEAL by the defendants, Pabst Brewing Company and another, from a decision and award of the State Industrial Commission, made on or about the 7th day of April, 1920.

*Neile F. Towner*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

Claimant's intestate worked for the employer above named for the five years previous to June 1, 1918. He was a stableman and night watchman, lived over the stables with his family, consisting of these claimants. On said first day of June he was leading three horses down the runway in said stable, in New York city, and one of them became unmanageable. Nestor was thrown down and trampled upon by the horses and severely injured. He had to immediately quit work and was sent to a hospital, his dislocated shoulder set, and other numerous bruises and contusions examined. He returned and the company doctor gave him some attention, not much, and ceased attendance July 5, 1918, discharging him as cured. He died July 21, 1918, of heart disease. The employer and employee agreed on compensation, which was approved by the Commission, and paid until the day before he died. On subsequent hearing at which only the attending physician was sworn, and whose evidence was to the effect that there was no causal relation between the accident and the heart disease from which he died, I mean only medical testimony, other evidence was given, viz., death certificate with a disclaimer, and lay witnesses testified, an award was made in favor of the claimants. On appeal this court reversed the award with but one dissent. (191 App. Div. 312.) We there held " there is absolutely no evidence that the deceased had a heart lesion at the time of the accident. There is no evidence that the cause of death was heart disease unless it be the death certificate." The doctor testified that on two examinations no heart difficulty was found, and we, therefore, held that any presumption arising from the introduction of the death certificate in evidence dis-

appeared " in the presence of substantial evidence to the contrary. (*Rose* v. *Balfe*, 223 N. Y. 486; *Potts* v. *Pardee*, 220 id. 431; *Fallon* v. *Swackhamer*, 226 id. 447.) " The case went back for a further hearing. The additional evidence introduced was that of an expert who was asked to give an opinion upon the main question, causal relation, basing his opinion upon the facts disclosed by the record, eliminating the death certificate. His opinion was to the effect that the injury was a contributing cause. No new evidential fact was offered, and I do not think the case differs or is strengthened by the additions made since the last appeal. The Commission affirmed its previous award. Mr. Shientag's brief is an able argument for sustaining the award, but it cannot supply the lack of evidence. I think we are bound by our previous decision in this case and that the award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.