ELSIE E. LYMAN, Respondent, *v.* THE VILLAGE OF POTSDAM, Appellant.

Fourth Department, March 7, 1923.

Negligence — action against village for injuries suffered when plaintiff's horse became frightened at rubbish at side of street — plaintiff was successful on two prior trials — verdict not against evidence.

In an action against a village to recover for personal injuries suffered by the plaintiff when her horse became frightened at a pile of rubbish at the side of the street, and partially in the street proper, a verdict in favor of the plaintiff will not be set aside, where it appears that the rubbish was placed at the side of the street at the invitation of the village on " clean up day;" that it was so placed early in the morning and the accident did not occur until evening; that the president of the village saw the rubbish in the afternoon but did nothing towards its removal, and where it further appears that the case has been tried three times and the facts were substantially the same at each trial and plaintiff has always been successful.

APPEAL by the defendant, The Village of Potsdam, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 17th day of December, 1920, upon the verdict of a jury for $3,416.66, and also from an order entered in said clerk's office on the 13th day of December, 1920, denying defendant's motion for a new trial made upon the minutes.

This case was transferred to this department from the Third Department. (See 204 App. Div. 853.)

*Frank L. Cubley* [*Henry Purcell* of counsel], for the appellant.

*George J. Moore,* for the respondent.

CLARK, J.:

This action is brought to recover damages for personal injuries. The facts are briefly that plaintiff while riding with her husband in a carriage on one of the residence streets of the village of Potsdam was thrown out and injured shortly before six o'clock on the afternoon of May 14, 1914. A pile of refuse and rubbish consisting of some barrels and boxes, loose cans, an old white porcelain bowl, and a dead Christmas tree had been piled at the side of the street by a citizen, and as plaintiff and her husband were driving along the street the horse became frightened at this pile of refuse, ran away, plaintiff was thrown out and sustained the injuries complained of. This pile of rubbish had been placed in the street in pursuance of the invitation of the village authorities for citizens to do that in observing what was called " clean up

day;" these piles of rubbish to be later removed by the village authorities. The jury could find from the evidence that this pile of refuse had been placed by the side of the street between seven and eight o'clock in the morning, May 14, 1914, and that just before six o'clock that same day the accident occurred; that the principal portion of this pile was on the grass plot between the gutter and the sidewalk, that plot being thirteen feet wide, but there was evidence from which the jury could find that portions of the refuse were over two or three feet in the beaten portion of the street. In addition to the fact that this pile had been in this location from between seven and eight o'clock in the morning until nearly six o'clock in the evening when the accident occurred, the jury could find that the president of the defendant village actually saw it shortly after four o'clock that afternoon and that nothing was done toward its removal prior to the accident although teams in the employ of defendant were on the streets at that time cleaning up rubbish that had been placed in front of the houses in observing this clean up day and were available to remove this pile and that it had been negligently permitted to remain where it was placed that morning by authority of the village a longer time than was reasonably necessary.

This case has been tried three times and the facts were substantially the same at each trial and plaintiff has always been successful. That fact is entitled to great weight in determining whether or not there is evidence to sustain plaintiff's contentions. (*McMahon* v. *Jacob*, 76 App. Div. 346; *Gutman* v. *Weisbarth*, 194 id: 351.)

After the first trial the presiding justice set aside the verdict and dismissed the complaint. On appeal to the Appellate Division, Third Department, the judgment dismissing the complaint was reversed and the case was sent back for a new trial. (*Lyman* v. *Village of Potsdam*, 173 App. Div. 390.) On the second trial the case was submitted to the jury on the theory of nuisance and the plaintiff again recovered and the judgment was affirmed in the Appellate Division, but by a divided court. (*Lyman* v. *Village of Potsdam*, 183 App. Div. 910.) Defendant appealed to the Court of Appeals and the judgment was reversed (*Lyman* v. *Village of Potsdam*, 228 N. Y. 398), the court holding that the pile of rubbish in question was not an unlawful obstruction *per se* and not a nuisance. A new trial was granted, the Court of Appeals holding that plaintiff could not recover without evidence " (1) that the rubbish pile was so likely to frighten horses of ordinary gentleness that any one of ordinary prudence and sagacity would have appre-

34

hended such result; (2) that the board of trustees had neglected to abate or remove the defect within a reasonable time after having information or knowledge of its existence; and (3) that plaintiff was free from negligence which contributed to the accident and her injury." These questions were clearly questions of fact for the jury.

On the third trial the case was submitted to the jury on the theory of negligence and plaintiff again recovered, and from the judgment entered on this last verdict defendant appeals.

Three juries having passed on the facts in this case and plaintiff having been successful at each trial and the Appellate Division, Third Department, having passed on the questions involved twice, and finally after the Court of Appeals granted a new trial setting aside the verdict obtained on the second trial and pointing out the propositions plaintiff would need to establish in order to succeed, and on the third trial plaintiff having been again successful on the same facts and there being no errors in rulings or in the instructions to the jury which call for a reversal, it is our opinion that the judgment appealed from should stand.

The judgment and order should, therefore, be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.