HENRY HORNSTEIN, Appellant, v. KOPEL PODWITZ and Others, Respondents, Impleaded with HADASSAH REALTY Co., INC., Defendant.

First Department, April 11, 1930.

*Abraham Hornstein* of counsel [*George D. Hornstein* with him on the brief; *Hornstein & Hornstein,* attorneys], for the appellant.

*Thomas A. McKennell* of counsel [*Aaron Goody* with him on the brief; *Joseph L. Lefkowitz,* attorney], for the respondents Mersel and Hirschhorn.

McAvoy, J. The sufficiency of the complaint in this case has twice been before this court and twice been unanimously sustained. (*Hornstein* v. *Podwitz,* 224 App. Div. 11; 226 id. 53.)

The complaint alleges that the plaintiff, a licensed real estate broker, was employed by the defendant Hadassah Realty Co., Inc., a domestic corporation, acting through its president and sole stockholder, the defendant Podwitz, to procure a purchaser for its property at 829 Southern boulevard, in the borough of Bronx, city of New York, at the price of $200,000, and upon specified terms; that the corporate seller agreed to pay the usual commission, amounting to $2,600; that the plaintiff procured Mersel and Hirschhorn as purchasers, who agreed to purchase the property at the price and on the terms proposed; that a written contract of sale was signed in the plaintiff's absence; that payment of $2,600 was duly demanded by the plaintiff and no part thereof has been paid. It thus alleges a cause of action against the corporate seller for breach of the contract to pay commission.

The complaint further alleges that the three individual defendants conspired together and entered into an agreement whereby the corporate seller was induced not to pay commission to the plaintiff, but to divide among the individual defendants the equivalent of the commission which should have been paid to the plaintiff, and to withhold from the plaintiff knowledge of the fact that the contract had been signed; that the purchasers received their share in the form of an allowance on the purchase price; that payment of $2,600 was duly demanded of the defendants by the plaintiff and no part thereof has been paid.

The theory of the cause of action against the individual defendants is that they intentionally and for their own gain acted in concert to induce the corporate seller to breach its contract with the plaintiff.

At the trial the plaintiff was permitted to amend his complaint in two respects: (1) To separately state the two causes of action — a formal amendment suggested by this court in its opinion in 226 Appellate Division, at page 54, and (2) to add to the cause of action against the individual defendants an allegation of special damage, " that the plaintiff has suffered damage by reason of the insolvency of the defendant Hadassah Realty Co., Inc.," the

seller, to conform to the proof and to bring the complaint within what was deemed to be the effect of the decision in *Deming* v. *Hill* (251 N. Y. 573).

Upon the evidence adduced at the trial, the jury rendered a verdict for the plaintiff against all the defendants, the corporation and the three individuals. That evidence this court had previously held sufficient to make out a *prima facie* case (226 App. Div. at p. 54) and the finding is not attacked as against the weight of evidence.

The learned trial justice let the verdict stand as against the corporate defendant, and in setting aside the verdict and dismissing the complaint as against the individual defendants, he stated that he did so " solely on the ground that it does not state a cause of action." We conclude that the trial court ignored the rule of decision known as the " law of the case " and decided the matter anew contrary to our previous rulings.

The respondents argue now, however, that this was permissible because the decision of the Court of Appeals in *Deming* v. *Hill* (251 N. Y. 573) overruled the holdings of this court upon the prior appeals in the action now here in respect of the sufficiency of the complaint before its amendment at the trial, and that prior to the amendment on the trial the complaint in this cause and that in the case of *Deming* v. *Hill* (*supra*) were similar. Even so, the trial court was bound to follow the appellate judgment in the precise case in which such judgment had been rendered.

On December 12, 1928, at a trial of this cause on motion of all the defendants, the complaint was dismissed at the close of the plaintiff's case. On May 10, 1929, this court unanimously reversed the judgment, and ordered a new trial. On the second appeal, this court said: " The basis of the plaintiff's cause of action has been established on a former appeal to this court as an unlawful interference with his contract rights as thus outlined, by the purchasers, the defendants Mersel and Hirschhorn, conspiring with the corporate defendant and its president, the defendant Podwitz, to deprive him of his commissions. (*Hornstein* v. *Podwitz*, 224 App. Div. 11.) " The defendants did not appeal from the decision of this court, although they could have appealed as of right. The " law of the case " was binding on the trial court. A trial court to which an action has been remitted for trial has no jurisdiction to review, even for apparent errors, matters decided by its superior appellate court.

The rule adverted to runs to the extent that decisions by this court not appealed from are binding, not only on this court on later appeals, but also on the Court of Appeals when there reviewed. We hold, therefore, that notwithstanding the decision in the *Deming*

case our prior decision constituted the law of this case and the court below was not · vested with authority to vary, amend or wholly depart from it.

The judgment and order should be reversed, with costs against each of the respondents, and the verdict reinstated, and judgment entered thereon against all the defendants, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs to the appellant against each of the respondents, and the verdict reinstated and judgment directed to be entered thereon against all the defendants, with costs.