WALTER B. WALKER, Respondent, *v.* PAULINO GERLI, ROUGET DELISLE JENKINS and ALEXANDER D. WALKER, Appellants, Impleaded with BERNHARD H. A. HOFMANN and Others, Defendants.

First Department, June 16, 1939.

* Renumbered § 4 in Constitution of 1938, in effect Jan. 1, 1939.— [REP.

*Leonard A. Thomas* of counsel [*Thomas, Gerli & Keefe*, attorneys], for the appellants.

*Samuel R. Rosenberg,* for the respondent.

UNTERMYER, J.   The plaintiff instituted this action against seventeen individuals and a corporation to recover compensation for services rendered under a contract of employment.   The first amended complaint, as we are informed by the briefs of the parties, set forth a single cause of action.   Motions to dismiss the first amended complaint were made separately by the individuals and by the corporation.   The court at first denied these motions but on application of the individual defendants reconsidered its determination and held the first amended complaint to be insufficient as to them.   An order was made dismissing the complaint as against those defendants, with leave, however, to the plaintiff to amend.   The plaintiff did not appeal.   Instead he served a second amended complaint setting forth two causes of action, the first of which, we are informed, is identical with the single cause of action set forth in the earlier complaint.   The second cause of action, though different

in form, adds nothing of substance to the first and may be considered in connection therewith.

It is first asserted by the appellants that this court is precluded by the earlier decision of the Special Term dismissing the complaint against them from any consideration of the sufficiency of the first cause of action contained in the second amended complaint under the doctrine of the law of the case. That doctrine, no doubt, should have influenced the justice at Special Term to follow the previous decision which had held these allegations to be insufficient as a cause of action against the individual defendants. But the law of the case as established by the order of the Special Term in granting the earlier motion to dismiss the first cause of action against the individual defendants is not binding on this court for the same reasons that the law of the case in this court is not binding on the Court of Appeals. If the present record were under consideration by the Court of Appeals, that court would not be circumscribed by an earlier decision of the Special Term (*Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131; *Ansorge* v. *Kane*, 244 N. Y. 395) nor even of this court (*Hornstein* v. *Podwitz*, 254 id. 443). There is no reason to apply a different rule when this court in the exercise of its appellate jurisdiction reviews an order of the Special Term of the Supreme Court. (*Kenneth* v. *Newgold*, 183 App. Div. 652.) Surely, we are not required to accept a conclusion which we realize to be untenable unless constrained to do so by a previous decision of this court in the same case. The decision in *Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.* (227 App. Div. 582), must be deemed to have been overruled by the Court of Appeals in *Hornstein* v. *Podwitz* (*supra*), which disapproved expressions to the contrary in the opinion of this court (229 App. Div. 167).

The law of the case, like the principle of *stare decisis,* is a rule of comity or convenience. (*Luminous Unit Co.* v. *Freeman-Sweet Co.*, 3 F. [2d] 577.) Since from its very nature it involves the effect of orders which are interlocutory, it must be distinguished from *res adjudicata*. (*Bannon* v. *Bannon,* 270 N. Y. 484.) Accordingly, its effect is limited to a court of co-ordinate jurisdiction which ordinarily should not disregard an earlier decision on the same question in the same case. (Compare *Cluff* v. *Day,* 141 N. Y. 580.) The rule does not apply in a court which is required to review the later order on appeal and which, therefore, ought not to be concluded by an earlier decision, interlocutory in character, made by a court of subordinate jurisdiction from which no appeal was taken. (*Messenger* v. *Anderson,* 225 U. S. 436; *Brown* v. *Tourtelotte,* 24 Col. 204; 50 P. 195.) No decision of the Court of Appeals to which our attention is directed holds otherwise.

It is also suggested that this court may not review the order appealed from because the time to appeal from the earlier order has expired. But this disregards the fact that the order appealed from is not the previous order which dismissed the complaint against the individual defendants but the subsequent order denying the motion to dismiss the complaint from which the appeal was taken within the time and in the manner provided by law. To hold that the question is not properly before us under these circumstances, is tantamount to a ruling that the second order is not appealable on account of the existence of an earlier order which does not even form any part of the record in the case. (*Ansorge* v. *Kane, supra.*)

In *Vogeler* v. *Alwyn Improvement Corp.* (*supra*) a motion by the defendant to dismiss the complaint had previously been denied at Special Term. Thereafter judgment on the pleadings was granted in favor of the plaintiff and was affirmed by this court. (220 App. Div. 829.) An appeal was taken by the defendant, but its notice of appeal failed to specify the earlier order denying the defendant's motion to dismiss the complaint as brought up for review. (Civ. Prac. Act, §§ 580, 603.) Therefore, it was contended that that order, not appealed from, constituted the law of the case and established the sufficiency of the complaint. The Court of Appeals, following its decision in *Ansorge* v. *Kane* (*supra*), held to the contrary and said: " It is urged at the outset that the decision in favor of the plaintiff upon the motion to dismiss the complaint stands as the law of the case, since the notice of appeal from the subsequent judgment does not bring up the earlier order for review. In the case of *Ansorge* v. *Kane* (244 N. Y. 395) we have held otherwise. We may consider the pleadings as if no motion for judgment dismissing the complaint had been made and denied before the answer was interposed."

To hold otherwise would preclude a plaintiff, who has stated a complete cause of action against the individual defendants which he may be able to sustain by proof from ever recovering from them. This would inevitably follow if an earlier order of the Special Term dismissing the complaint were binding even in an appellate court whenever thereafter the question of its sufficiency was presented. Since the Special Term would always be required to adhere to the earlier decision, however erroneous it might be, and since every appellate court would likewise be precluded from consideration of that question, such a plaintiff would suffer all the consequences of a final judgment in favor of the defendant. (See note, " The Law of the Case," 42 Harvard L. Rev. p. 938; 1 A. L. R. 1267; 67 id. 1390.)

We conclude that the question of the sufficiency of the complaint may be considered by this court. We are, nevertheless, of the opinion that the amended complaint does not sufficiently disclose upon what theory the plaintiff seeks to hold the individual defendants liable. Although it alleges that " the individual and corporate defendants entered into a contract with the plaintiff," it also alleges that the individual defendants " represented and held themselves out to be the defendant corporation and intermingled their venture and business with that conducted by the corporate defendant," and that the individual defendants " functioned " as an unincorporated association " under the guise and cloak of a membership corporation." From these allegations it is impossible to determine whether the plaintiff seeks to hold the individuals liable for breach of a contract made with the individuals or whether, by disregarding the corporate entity, he intends to hold them liable upon plaintiff's contract with the corporation or, again, whether he intends to state a cause of action against them for fraud either under section 46 of the Membership Corporations Law or otherwise. If the plaintiff contracted with the corporation and also with the individual defendants to render services and both agreed to pay the same remuneration it should not be difficult to frame a complaint setting forth these facts. If, however, the plaintiff seeks to hold the individuals, not upon a contract with them but upon a corporate transaction in disregard of the corporate entity or on the theory of fraud, the factual allegations proper for such causes of action only should be set forth. Although a complaint will be sustained if it is sufficient on any theory, that theory must be ascertainable from the complaint alone. From the present complaint it is impossible to know upon what theory or in what manner it is claimed the individual defendants are liable.

The complaint is also insufficient in failing to allege that the plaintiff has " duly " performed the conditions of the contract. (*Sisskin* v. *Workmen's Circle*, 179 App. Div. 645; Rules Civ. Prac. rule 92.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion of the defendants-appellants granted, with leave to the plaintiff to plead over within twenty days after service of the order on payment of said costs.

TOWNLEY, GLENNON and DORE, JJ., concur; MARTIN, P. J., dissents.

MARTIN, P. J. (dissenting). The decision in *Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.* (227 App. Div. 582), which follows the long-established law of this State, has not been overruled.

If one Supreme Court justice dismisses a complaint on the ground that it does not state facts sufficient to constitute a cause of action

and no appeal is taken, the law on that issue is settled by the decision. The same plaintiff may not thereafter institute a new action by the service of a complaint identical in all respects with the complaint which had been dismissed and again test out the sufficiency of the allegations before another Supreme Court justice.

In the case now under consideration the second Supreme Court justice, in effect, overruled the first and thus assumed the function of an appellate court. Such a course, if allowed, would bring about most unjust results. A matter decided by one justice of the Supreme Court may not thereafter be brought before another justice of that court in the hope that a more favorable result will be obtained should the second justice decide the matter differently from the first.

A party to a proceeding, not satisfied with the decision, has the right to appeal to the appellate court duly constituted to hear such appeals. Any other course would bring about a chaotic condition. This case is not governed by the procedure in the Court of Appeals. That court, having the right to review any question of law that comes before it, is not bound by the decisions of any other court in this State.

The order appealed from should be modified to the extent of dismissing both causes of action as against the individual defendants-appellants, and, as so modified, affirmed.

Order reversed, with twenty dollars costs and disbursements, and the motion granted with leave to the plaintiff to plead over within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.