LILIA F. JAHN, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— In an action to recover on an accident insurance policy, judgment in favor of plaintiff unanimously affirmed, with costs. (*Gutman* v. *Weisbarth*, 194 App. Div. 351.) Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

ALBERT THOMAS JONES, as Administrator, etc., of ALBERT EDWARD JONES, Deceased, Respondent, v. GOOD ROADS ENGINEERING & CONSTRUCTION CO., INC., Appellant.— Action to recover damages for the death of a small boy who was run over by defendant's truck, which was backing up on private property. Judgment in favor of plaintiff, and order denying defendant's motion for a new trial, reversed on the law and a new trial granted, costs to abide the event. Implicit in the verdict of the jury is the finding that the boy was not a trespasser upon the property where the accident happened. To that extent the verdict is against the weight of the evidence. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty and Carswell, JJ., dissent and vote to affirm the judgment and order, with the following memorandum: Plaintiff's intestate, a boy nearly seven years old, lived with his parents in a house on a plot of land consisting of a quarter acre, in Wantagh, Nassau county. This plot of land constituted a part of a tract comprising, in all, three acres. With the exception of the part occupied by plaintiff's house, the tract was leased to and used by defendant. The defendant maintained a washstand for its trucks on the part of the land leased to it. On May 23, 1939, an employee of defendant backed a truck from the washstand in an arc for a distance of 200 feet, during all of which maneuver he was unable to see objects 25 feet immediately to the rear. In so doing, the truck crushed plaintiff's intestate, causing his death. The boy, to the knowledge, if not with the consent of the president and employees of defendant, had continuously played in this vicinity week after week after school hours. Whether the boy might be classified legally as a trespasser or licensee, the defendant owed him the duty, under the undisputed facts and circumstances, to refrain from acts which might reasonably be foreseen as likely to cause him injury. (Cf. § 339, Restatement, Torts; *Mendelowitz* v. *Neisner*, 258 N. Y. 181, 185.) It was not erroneous, therefore, to charge that, even if the boy was a trespasser or licensee, the defendant owed him the duty not to injure him by any affirmative action constituting negligence. It was within the province of the jury, moreover, to find that the boy was an invitee. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442.)

SAMUEL KIRSCHBAUM, Respondent, v. SAMUEL S. DAUMAN, Doing Business as " BELDIN ELECTRIC COMPANY," Also as " STAMFORD METAL SPECIALITY COMPANY " and Also as " S. S. DAUMAN," Appellant.— In an action brought on a contract of employment, order denying in part the defendant's motion to vacate a warrant of attachment and for other relief, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.