LUDWIG WERTHNER, Plaintiff, *v.* FLORENCE OLENIN, Defendant.

Supreme Court, Trial Term, New York County, December 17, 1945.

*Louis L. Archer* and *Albert P. Engeler* for plaintiff.

*Leo B. Mark* and *David Kassell* for defendant.

BENVENGA, J.   This is a motion to set aside a verdict in an action for malicious prosecution on the ground that the evidence adduced on the trial is substantially the same as that given on a previous trial, and that, in view of the affirmance by the Appellate Division of the order setting aside the verdict on that trial (269 App. Div. 742), the law of the case requires that the present verdict be set aside.

The issue presented on both trials was whether a certain criminal prosecution was instituted maliciously and without probable cause.   On the first trial, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to prove these elements of the action.   In denying the motion,

the court declared that the evidence presented a question for the jury. Then, after the rendition of the verdict, the court set it aside on the ground that it was against the weight of.the evidence (see N. Y. L. J., July 15, 1944, p. 95, col. 4). On appeal, plaintiff argued that there was ample evidence of malicious prosecution; that the verdict was set aside because the court did not agree with the jury, and that, in so setting aside the verdict, the court improperly exercised its discretion. Defendant contended that, even assuming there were some minor issues of fact, and even admitting the propriety of submitting the case to the jury, the court properly exercised its discretion, and that such discretion should not lightly be interfered with. Therefore, in affirming the judgment (269 App. Div. 742), the Appellate Division (one justice dissenting) in effect determined that the trial court had not abused its discretion in setting aside the verdict (*Northam* v. *Dutchess County Mut. Ins. Co.*, 68 App. Div. 475, 478; *Griffin* v. *Brady*, 133 App. Div. 939).

It is true, as defendant contends, that whatever is once irrevocably established as the controlling legal rule of decision between the same parties in the same case continues to be the law of the case, so long as the facts on which the decision was predicated continue to be the facts of the case (*Rivara* v. *Stewart & Co.*, 241 N. Y. 259, 266–267; *Hornstein* v. *Podwitz*, 229 App. Div. 167, 169, affd. 254 N. Y. 443; *Gelman* v. *Day, Inc.*, 229 App. Div. 809; 21 C. J. S., Courts, § 195). It is also true that where the evidence on the second trial is substantially the same as that given on the first trial, a decision as to its weight or sufficiency by an appellate court on the first appeal is usually regarded as the law of the case when the question is again presented for review or decision (5 C. J. S., Appeal and Error, § 1834, subd. d, pp. 1293–1296).

But the doctrine is one of convenience and public policy (*Walker* v. *Gerli*, 257 App. Div. 249, 251; *Reamer's Estate*, 331 Pa. 117, 122). It is not inflexible, and does not have the finality of the doctrine of *res judicata*. "It must be accommodated to the needs of justice by the discriminating exercise of judicial power " (*Reamer's Estate, supra*, p. 122; 21 C. J. S., Courts, § 195, p. 334).

The rule is strictly applied where, on appeal by the defendant, the judgment is reversed as against the evidence or against the law. Under such circumstances, it is the duty of the court on a second trial to direct a verdict for the defendant or to set aside a verdict for the plaintiff, unless the evidence adduced on the second trial is materially different from that presented

on the first trial (*Cunningham* v. *City of Niagara Falls*, 244 App. Div. 880; *Ballard* v. *Saratoga National Bank*, 201 App. Div. 783, 786; *Nestor* v. *Pabst Brewing Co.*, 195 App. Div. 434, 435-436; *Zucker* v. *Whitridge*, 172 App. Div. 903, affd. 223 N. Y. 639; *Palumbo* v. *Atlas Portland Cement Co.*, 120 N. Y. S. 739; *Cruz* v. *City of New York*, 41 N. Y. S. 2d 367).

The cases, moreover, recognize a distinction between a determination that a verdict is against the weight or preponderance of the evidence and a decision that it is against the evidence. In the former situation, there is evidence to support the verdict; in the latter, there is no evidence to sustain the verdict or there is a failure of some material fact necessary to sustain it (see *Beers* v. *McNaught*, 180 App. Div. 924). Where a judgment is reversed on the ground that it is against the evidence or against the law, the rule of decision as laid down by the appellate court is binding and conclusive and must be followed by the trial court. But where the appellate court, as in the case at bar, has declined to disturb a discretionary ruling that a verdict is against the weight of preponderance of the evidence, then no rule of decision is laid down and the doctrine is inapplicable (see *Norkevich* v. *Atchison, T. & S. F. Ry. Co.*, 263 Ill. App. 1, 3-5, 9-16). In such a situation, notwithstanding the affirmance by an appellate court, the trial court, on the second trial, must exercise the discretion confided in him by law, and may, in the exercise of such discretion, deny a motion to set aside a second verdict for the same party, even though the evidence on the second trial may be substantially the same as that given on the first trial (*McCann* v. *New York & Queens County R. Co.*, 73 App. Div. 305, 306-308, appeal dismissed 172 N. Y. 599; *Gutman* v. *Weisbarth*, 194 App. Div. 351, 354-355; *Lyman* v. *Village of Potsdam*, 204 App. Div. 528, 529; *Gnecco* v. *Pederson*, 154 N. Y. S. 12, 14-15). Indeed, these cases lay down the rule that where two juries have found for the plaintiff on the same evidence, and there is evidence to support the verdict, it should not be lightly set aside as against the weight of the evidence because the trial court may not agree with the jury. On the other hand, in the absence of unusual or extraordinary circumstances, the verdict should be sustained, so that there may be an end to the litigation. As the court pointed out in *Gutman* v. *Weisbarth* (*supra*, p. 354): " The preponderance of judicial authority is in favor of allowing a second verdict to stand in the absence of some unusual fact, circumstance or situation by which the court is impressed that the verdict is wrong and where there is reasonable ground for believing that the wrong may be righted on a new trial ".

This case does not present any unusual feature nor any extraordinary circumstance. The verdict is not outrageous, nor is the amount of damages excessive. The verdict is not against the law or against the evidence. It was not the result of passion, partiality or prejudice. Therefore, even though the court may not agree with the jury, the verdict cannot be set aside without invading its province and attempting to accomplish indirectly what the court cannot accomplish directly; that is, prevent recovery by the plaintiff under any and all circumstances.

The motion to set aside the verdict is denied, and so are the motions to dismiss the complaint and for a directed verdict.