■ ANNA ROTHOUSE, Appellant, v. ASSOCIATION OF LAKE MOHEGAN PARK PROPERTY OWNERS, INC., Respondent.— Order entered on September 6, 1961, denying plaintiff's motion for summary judgment, unanimously affirmed, with $20 costs and disbursements to the respondent to abide the event. The order appealed from grants a motion made by the defendant for a rehearing of a motion which resulted in the granting of summary judgment in favor of plaintiff. The order also recalls the previous decision, vacates and sets aside the previous order and denies plaintiff's motion for summary judgment. The reason given for such action was the belief of the court that the granting of such motion for summary judgment in effect constituted a contrary determination to that made by another Justice of the same court who had theretofore denied a motion for injunctive relief. We, of course, are free to resolve *de novo* the question of whether summary judgment should be granted (*Walker* v. *Gerli*, 257 App. Div. 249). We conclude that summary judgment should not be granted for there are issues of fact presented requiring a trial. It seems that the original grantor filed not one but two subdivision maps. One was designated Section 1 and the other as Section 2. The area called "The Common" appears only on the map designated as Section 1. Plaintiff's property is located in Section 2. Whether it was intended that plaintiff's property, located in Section 2, was to be favored with an easement with respect to the

use of "The Common" located in Section 1 is a question that cannot be determined on the papers submitted. It can only be determined after trial. There is nothing in the deed of the original grantor conveying plaintiff's property that makes specific reference to "The Common" as it does to the right granted to the use of the common dock appearing on the map of Section 2. Of course, this observation should not be construed as a finding that the plaintiff is not entitled to the use of the area designated as "The Common". We simply hold that the resolution of that question must await trial. Likewise, the nature of the plaintiff's membership in the Association, through which she claims a right to use "The Common", must be more fully explored before it can be determined whether she has any rights, contractual or otherwise, to the use of that area through such membership. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.