OPINION OF THE COURT
Ronald J. Aiello, J.
The defendant moves to dismiss the indictment because a quorum of 16 grand jurors was not present continuously on all *510 dates on which the Grand Jury heard all of the evidence and less than 12 grand jurors who heard all of the crucial evidence voted a true bill.
The court has read the Grand Jury minutes. The defendant was indicted for one count of murder in the second degree, one count of attempted murder, second degree, and two counts of assault in the first degree.
The indictment alleges in substance that on April 30, 1986 the defendant caused the death of one Michael Morriarity by stabbing him with a knife, attempted to cause the death of one Kenneth Kung by stabbing him with a knife and under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death of Kenneth Kung and thereby caused serious physical injury to Kenneth Kung.
The defendant, in his moving papers asserts that, upon information and belief, it took several sessions to present this case to the Grand Jury, and thus this court must review the Grand Jury’s proceedings to determine possible violations under the cases of People v Brinkman (309 NY 974 [1956]), People v Infante (124 AD2d 86 [2d Dept 1987]), People v Gelfand (131 Misc 2d 268 [Sup Ct, Kings County 1986]) and People v Colebut (86 Misc 2d 729 [Sup Ct, NY County 1976]), i.e., whether or not, in a case that was presented over several sessions, the prosecutor failed to insure that at least 12 members of the Grand Jury who heard all of the crucial and essential evidence voted to indict. In response thereto, the prosecutor has submitted an affidavit and two exhibits, exhibit 1 and exhibit B. Exhibit 1 is the attendance sheet for this Grand Jury, the Second Additional Grand Jury of Term 5 of 1986. That Grand Jury’s term commenced on April 28, 1986 and ended on May 23, 1986. Exhibit B is an excerpt of general instructions given to the grand jurors on the first day of their term, April 28, 1986. These instructions clearly state that "Only jurors who have heard all of the evidence presented in the case are allowed to deliberate and vote * * * Any affirmative action taken by a Grand Jury is established by a vote of 12 or more jury members. Therefore, only if 12 or more of these eligible to vote find that the charges are warranted, will the person be indicted or charged on a prosecutor’s information”.
The prosecutor concedes that he inadvertently omitted in the charge to the Grand Jury in this particular case that only those who heard all of the evidence could participate in *511 deliberation and voting.[1] The defendant contends, relying on Infante, Colebut and Gelfand (supra), that the prosecutor’s failure to charge the Grand Jury in this particular matter that only those who heard all of the evidence could participate in the deliberations and voting of the indictment, resulted in a failure by the prosecutor to insure that 12 grand jurors who heard all of the essential and critical evidence voted a true bill and, accordingly, the Grand Jury proceedings as to this case are defective.
Under the circumstances of this case, such omission does not mandate dismissal of the indictment. The prosecutor states that evidence was presented to the Grand Jury on May 5, 1986 and May 9, 1986; the charge on the law and the vote took place on May 23, 1986. This is confirmed by this court’s reading of the Grand Jury minutes. The attendance record of this Grand Jury with the names of the grand jurors deleted (exhibit 1) indicates that the Grand Jury term commenced on April 28, 1986 and ended on May 23, 1986. The attendance record shows that 22 grand jurors were present on May 5th, 19 grand jurors were present on May 9th, and 22 grand jurors were present on May 23, 1986. The court has substituted numbers for names on the attendance sheet, i.e., top to bottom, 1 to 23.
The exhibit shows that on May 5, 1986 grand juror number 21 was absent. On May 9, 1986 grand jurors numbers 2, 6, 19 and 21 were absent. On May 23, 1986 when the jury was charged and a vote was taken, grand juror number 13 was absent. Therefore, the records show that of the 22 grand jurors in attendance for deliberations and voting, 18 of them had heard all of the evidence in the case. The court rejects, as without merit, defendant’s argument which appears in his reply affidavit and is quoted herein: "In their answering papers, the prosecution states that on the day Mr. Katz was indicted, 22 members of the Grand Jury were present, but only 18 of those 22 Grand Jurors had heard all of the evidence and were eligible to vote. Four of those present were therefore ineligible to vote * * * Mr. Plump has also conceded to me that no record was made of which Grand Jurors voted to indict and how many voted to indict. Thus, as far as anyone *512 can tell, the number of Grand Jurors voting to indict could have been the statutory minimum of 12, and it may well be that of those 12, four were ineligible to vote because they had not heard all the evidence. Thus, Mr. Katz has been indicted by only eight eligible voters, four less than required by statute. CPL 190.25 (1).”
The court does not accept as compelling, defense counsel’s theoretical mathematical construct. The omission of this admonition was clearly harmless in the context of this case, given the prior experience of this Grand Jury. The court cannot ignore that the instant matter was charged on the last day of the Grand Jury’s term, after completion of four weeks of Grand Jury service during which time these grand jurors had been charged on the law and had voted in more than 90 cases. This Grand Jury voted six no true bills on one homicide case, one rape case, two robbery cases and two other felony cases. The prosecutor has also located the minutes of at least 25 other cases wherein this instruction was given. It would seem obvious, therefore, that this jury was very aware that it took 12 members to vote a true bill and conversely, if 12 members were lacking, no true bill could be voted. The court notes that when the grand jurors were instructed on the very first day of the term as to the "12 members who heard all of the evidence” rule, that all 23 grand jurors were present. There is no reason to believe that the grand jurors assumed that the voting requirement of "12 who heard all of the evidence”, which was given to the grand jurors on the very first day of their term as part of a number of general rules and instructions to be followed during their term of service, applied only in those cases where it was explicitly given by the prosecutor and not in others where it was not given. This defies logic and ordinary common sense. As indicated above, this court rejects defense counsel’s speculation that maybe there were only 12 members voting for indictment that day and that 12 possibly included 4 who did not hear the essential evidence. It can only be assumed that grand jurors will be true to their oaths and not vote in matters where they have not heard all of the evidence. It would not be reasonable to assume otherwise.
Also, there is the presumption of regularity. There is no reason to presume that a grand juror would act contrary to his oath or duty. " 'The general presumption is that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his *513 official duty requires to be done.’ ” (Richardson, Evidence § 71 [Prince 9th ed].) This presumption compels the adversary to come forward with affirmative evidence of unlawful or irregular conduct. None was shown here. Defendant has failed to meet his burden.
Although this court does not adhere to Justice Roth wax’s views that dismissal of the indictment is mandated when the Grand Jury is not instructed as indicated above in a particular case, this obviously is a salutary rule and should be followed in order to insure the integrity of the Grand Jury process and that there be the required concurrence of at least 12 grand jurors in order to vote a true bill (GPL 190.25 [l]).[2] Further, it would avoid unnecessary litigation between the parties and the concurrent and proportionate expenditure of court time in rendering a decision on this issue, an issue which at best is collateral to the guilt or innocence of the defendant.
Accordingly, the defendant’s motion to dismiss the indictment is denied.

. It is this court’s understanding that this admonition is standard operating procedure in both Manhattan and Brooklyn in order to comply with Justice Rothwax’s decision in People v Colebut (86 Misc 2d 729 [Sup Ct, NY County 1976]; see also, People v Gelfand, 131 Misc 2d 268, 275 [Sup Ct, Kings County 1986]).

. The Legislature could have very easily mandated the taking and recording of the numerical tally of the votes. It is significant that they did not do so. In this vein, the Legislature could very easily require that the vote be recorded as to individual jurors. The Legislature has not seen fit to do so. This court agrees with Justice Rothwax that recording and disclosing the votes of individual grand jurors is unprecedented in our law and risks interference with the freedom of deliberation that should attend all Grand Jury proceedings. (See, People v Colebut, 86 Misc 2d 729, 736.)