*483 OPINION OF THE COURT
Loren N. Brown, J.
The defendant moves for an order, pursuant to CPL 210.20 and 210.35, dismissing the indictment against him, or, in the alternative, pursuant to CPL 440.10, vacating the judgment of conviction of the defendant rendered on October 27, 1988. The motion is opposed.
On January 25, 1988, a Grand Jury for the County of Westchester, after receiving evidence for a period of weeks, returned indictment No. 88-0068, charging the defendant with four counts of criminal solicitation in the fourth degree. The same Grand Jury indicted the defendant’s son-in-law, Dominick Lieto, and Robert D’Alvia, an attorney.* This defendant made an omnibus motion which sought, inter alia, dismissal of the indictment on the grounds that the District Attorney improperly instructed the jury. The court denied the motion. The defendant was tried by a jury and on October 27, 1988 was found guilty on 2 of the 4 counts. The specific defects now alleged on this postjudgment motion are an alleged defect in the Grand Jury’s vote; specifically, that those voting to indict did not hear the essential and critical evidence presented concerning the crimes charged (People v Saperstein, 2 NY2d 210; People v Brinkman, 309 NY 974), and a purported defect in the instructions to the Grand Jury.
THE PURPORTEDLY DEFICIENT INSTRUCTIONS
It is now settled law that a Grand Jury may return an indictment only if at least 12 grand jurors who heard all essential and critical evidence voted to indict. (People v Brinkman, supra.) The defendant correctly contends that the instructions to the jury did not include an instruction that only those grand jurors who have heard the essential and critical evidence may vote. For that defect, the defendant would now have the court dismiss the indictment. (People v Colebut, 86 Misc 2d 729.)
Trial level courts, which have addressed the issue, have been split on whether a failure to so instruct requires dismissal. Justice Harold J. Rothwax, in his opinion in Colebut (supra), found a need for such an instruction, and, found, *484 further, that failure to so instruct mandated dismissal. Justice Ronald Aiello, in People v Katz (135 Misc 2d 509), while agreeing that such instructions should be given, disagreed with the holding that dismissal is mandated when no charge is given. Under the Katz holding, the circumstances surrounding the vote should also be taken into consideration. The court agrees with the latter holding.
Dismissal of an indictment for failure to properly instruct the Grand Jury should be mandated when the instruction has not enabled the jury to "intelligently * * * decide[d] whether a crime has been committed and * * * determinefd] whether there exists legally sufficient evidence to establish the material elements of the crime” (People v Calbud, Inc., 49 NY2d 389, 394-395), or when the instructions to the Grand Jury are "so incomplete or misleading as to substantially undermine [the jury’s] essential function * * * [so that] it may fairly be said that the integrity of that body has been impaired” (supra, at 396). The Calbud standards are not absolute and unbending, but depend on context. If no prejudice to the defendant arises, or if the defect in the charge is not substantial, then dismissal is inappropriate.
An example will illustrate the wisdom of the Calbud contextual approach. Assume, for instance, a Grand Jury proceeding, over a period of six months, was attended at all times by all of its members, and, on the day it voted on the indictment, all 23 of its members voted to indict. By inadvertence, the District Attorney failed to charge that only those jurors who had heard all critical and essential evidence could vote. Under the foregoing circumstances, adhering to a doctrinaire dismissal standard, without a showing of prejudice, would lead to an absurd, and entirely unnecessary result.
In the context of this case, as outlined infra, dismissal for failure to charge would be as unnecessary as in the example.
THE PURPORTED WAIVER OF OBJECTION
The motion addressed to the Grand Jury’s vote is grounded, in the first instance, on CPL 210.20 and 210.35. Motions made pursuant to both sections should be made within the time limit provided by CPL 255.20 (1), "forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix”. Impliedly, failure to move within the time permitted, or to apply for additional time, constitutes a waiver of the objection. (People v Lowen, *485 100 AD2d 518.) This defendant did not move within the time provided, and the People now contend that he waived any right or remedy.
The court finds no waiver. When a criminal prosecution is infected with error of a fundamental nature, or in the mode of procedure, the error is nonwaivable, and may be challenged after the statutorily fixed time limit. (People v Patterson, 39 NY2d 288; Cancemi v People, 18 NY 128.) In Cancemi, the defendant was precluded from waiving trial by 12 jurors. This defendant would be precluded from implicity consenting, through waiver, to being indicted by a vote of fewer than 12 jurors who heard the essential and critical evidence. To permit such a waiver would distort the mode of indictment. The defendant, by alleging a vote to indict by fewer than 12 grand jurors who heard the essential and critical evidence, is alleging a distortion of the mode of procedure, and his contentions should be heard.
DISMISSAL POSTJUDGMENT (CPL 440.10 [l] [A], [h])
By moving for dismissal pursuant to CPL 440.10 (1) (a) and (h), the defendant contends that the defective vote and failure to instruct denied the court of jurisdiction of the action and the person of the defendant, and that the judgment had been obtained in violation of a right under the Constitutions of this State and of the United States.
The issues presented by this aspect of the defendant’s motion are essentially the same as those presented by the motion to dismiss pursuant to CPL 210.20 and 210.35, and the discussion of that aspect of this motion will effectively treat this aspect.
THE VOTE
The People state, and the court has no contrary indication, that 17 of the 18 grand jurors who were present when the vote was taken had been at the December 2, 1987 session, when one Robert Tassio testified and two damaging tape recordings of the defendant’s conversations with Tassio were played. The tape recordings and a tape player were provided to the Grand Jury prior to their vote. The court read the Grand Jury evidence, and presided over the trial, and it finds that the testimony of Tassio and the tape recordings provided the critical and essential evidence against the defendant. *486 Therefore, no irregularity occurred in the vote; those who voted heard the requisite testimony. The court finds no denial of a State or Federal constitutional right. No deficiency deprived the court of jurisdiction over the prosecution of the action. The defendant was not prejudiced by the failure to instruct the jury regarding those entitled to vote. Substantially more than necessary heard the critical and essential evidence and voted to indict.
The dismissal of the Lieto indictment does not preclude a different result in this action. The dismissal of that prosecution is not law of this case. (Werthner v Olenin, 186 Misc 829, affd 272 App Div 798.) The decision of a court of coordinate jurisdiction is not binding on this court. (Matter of Herle, 165 Misc 46.)
In summary, the court finds no defect in the Grand Jury proceeding which would justify dismissal. The motion is, in all respects, denied.

 The indictment against Lieto was dismissed by the Honorable Patrick D. Monserrate before trial, for a failure to properly instruct the Grand Jury, and on the grounds that not all jurors who voted to indict heard the initial and essential evidence. Robert D’Alvia was convicted following trial.